6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIE CHANCLER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-207 |
| | § | (Jury Requested) |
| RIO HONDO INDEPENDENT | § | |
| SCHOOL DISTRICT, ROLANDO PENA, | § | |
| INA TAMEZ AND DAVID ROBLEDO | § | |

## JOINT REPORT ON MEETING REQUIRED BY RULE 26(F) AND JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

   **The parties met by telephone on February 22, 2002. Plaintiff's counsel in attendance was Andrea M. Gunn. In attendance as counsel for Defendants Rio Hondo Independent School District, Rolando Peña, Ina Tamez, and David Robledo was Seth Moore.**

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   **None.**

3. Briefly describe what this case is about.

   **Plaintiff brings various causes of action claiming she was retaliated against on the basis of her sex and because she raised concerns about Title IX equity within the District. Plaintiff brings claims under Title IX, First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, the Texas Constitution, and Chapter 106 of the Texas Civil Practice and Remedies Code.**

4.  Specify the allegation of federal jurisdiction.

    **This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, and under 28 U.S.C. § 1367(a), to consider her state law claims.**

5.  Name the parties who disagree and the reasons.

    **See above.**

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    **The Parties do not anticipate adding any other parties at this time. However, they reserve the right to add additional parties at a later date.**

7.  List anticipated interventions.

    **None.**

8.  Describe class-action issues.

    **None.**

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    **The parties will make their initial disclosures under Rule 26(a)(1) by March 8, 2002. Please see 9. F. below for the applicable dates for disclosure of parties' expert testimony under Rule 26(a)(2).**

10. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   1. **Rule 26(f)(1) - See response to Number 9;**

   2. **Rule 26(f)(2) - Plaintiff believes discovery may be needed on : (i) Defendant RHISD's policies, procedures, and practices related to reprimands and/or termination of district faculty; (ii) Defendant RHISD's district-wide policies and procedures related to gender equity and Title IX compliance in its school athletic programs; (iii) Defendant RHISD's district-wide policies and procedures related to gender equity and Title IX compliance in all other school programs; (iv) Defendant RHISD's funding policies and actual expenditures related to women's sports; including, but not limited to, qualified coaches, teams, facilities, supplies, and uniforms; (v) Defendant RHISD's funding policies and actual expenditures related to men's sports; including, but not limited to, qualified coaches, teams, facilities, supplies, and uniforms; (vi) Defendant RHISD student enrollment and demographic profile; (vii) Defendant RHISD employee profiles and compensation levels, particularly in the area of school athletics; (viii) the athletic participation rates of Defendant RHISD's male and female students; (ix) whether or not Defendant discriminated against Plaintiff and/or other persons on the basis of gender; (x) matters related to Plaintiff's damages claim; and (xi) other issues that may be raised as discovery proceeds.**

   **Defendants object to Plaintiff attempting to perform discovery relating to the District's Title IX funding. Rio Hondo ISD's Title IX funding is not at issue in any of Plaintiff's claims. Further, Plaintiff has no standing to litigate whether or not Rio Hondo ISD's funding is in compliance with Title IX. Defendants believe the parties should conduct discovery based upon claims made and defenses asserted in this lawsuit.**

   3. **Rule 26(f)(3) - No changes needed at this time, subject to rearrangements of the parties; and**

   4. **Rule 26(f)(4) - None.**

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   **Plaintiff anticipates sending her first set of interrogatories to Defendants by March 25, 2002.**

C. When and to whom the defendant anticipates it may send interrogatories.

**Defendants anticipate sending out discovery including interrogatories, requests for admissions and requests for production by March 25, 2002.**

D. Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiff currently anticipates taking the oral depositions of: (i) all representatives of Defendants with knowledge of the matters set forth in Plaintiff's Original Complaint and in paragraph 9(A) above; (ii) all of Defendants' testifying and consulting experts; (iii) any other witnesses listed by Defendants who may testify at trial; and (iv) any other persons with knowledge of the claims and defenses in this case. Plaintiff anticipates taking such depositions within thirty (30) days after she receives full and complete responses to her written discovery requests, to be concluded before the discovery deadline.**

E. Of whom and by when the defendant anticipates taking oral depositions.

**Defendants anticipate needing the deposition of the Plaintiff Julie Chancler.**

**Defendants anticipate they may need to take four or five additional depositions of witnesses who may surface as discovery progresses, including current and former coaches at Rio Hondo High School and Assistant Superintendent Roque Rodriguez.**

**Defendants will agree to take these depositions at a time convenient to all counsel.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiff anticipates designating her experts and providing reports by April 12, 2002.**

**Defendants anticipate designating their responsive experts and providing reports within thirty (30) days of receiving Plaintiff's expert's reports.**

**In any event, each party reserves its right to take the deposition of any other party's designated expert(s) within thirty (30) days of the discovery cut-off.**

**Plaintiff and Defendants give their reasonable assurances that all parties' experts will be made available and that all reports will be provided.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**All testifying and consulting experts listed by Defendants; completion by the close of discovery.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Defendants may depose all experts listed by Plaintiff and will likely do so within 30 days of their designation and Defendants' receipt of Plaintiff's experts' reports.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**The parties agree to this discovery plan as set forth herein, except for those items herein where the parties have taken different positions.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

13. State the date the planned discovery can reasonably be completed.

**The parties anticipate that discovery can reasonably be completed by August 16, 2002.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your rule 26(f) meeting.

    **The parties have discussed possible mediation following preliminary discovery.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **Plaintiff is open to early settlement discussions and referral to ADR. As Plaintiff has limited financial resources and is represented by a non-profit organization, Plaintiff requests that the costs of such mediation be paid by Defendants.**

    **Defendants are open to possible mediation following preliminary discovery. Defendants do not agree to incur the entire cost of such mediation.**

16. From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    **Plaintiff is open to non-binding mediation or non-binding arbitration at any time, including the early stages of the case. She is also open to a summary jury trial after discovery.**

    **Defendants are open to possible mediation following preliminary discovery.**

17. Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position o a trial before a magistrate judge.

    **At this time, the parties do not consent to trial by a magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

    **Plaintiff has made a demand for jury trial.**

    **Defendants have requested a trial by jury.**

19. Specify the number of hours it will take to present the evidence in this case.

   **At this time, the parties anticipate it will take 30 hours of testimony to present this case.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   **None at this time.**

21. List other pending motions.

   **None at this time.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

   **None at this time.**

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

   **Plaintiff filed her Disclosure of Interested Parties on January 19, 2002.**
   **Defendants filed their Disclosure of Interested Parties on January 25, 2002.**

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

**ATTORNEY FOR PLAINTIFF:**

MR. JAMES C. HARRINGTON
State Bar No. 09048500
MS. ANDREA M. GUNN
State Bar No. 24027056
Federal I.D. No. 26952
TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.,
Austin, Texas 78702-1344
Telephone   : (512) 474-5073
Facsimile   : (512) 474-0726

**ATTORNEYS FOR DEFENDANTS:**

MS. EILEEN M. LEEDS
State Bar No. 00791093
Federal I.D. No. 16799
MR. SETH MOORE
State Bar No. 24027522
Federal I.D. No. 28488
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas  78521
Telephone    : (956) 541-1846
Facsimile    : (956) 541-1893

_____   2-26-02
Counsel for Plaintiff(s)            Date

_____   2-26-02
Counsel for Defendant(s)            Date

Respectfully submitted,

MR. JAMES C. HARRINGTON
State Bar No. 09048500
MS. ANDREA M. GUNN
State Bar No. 24027056
Federal I.D. No. 26952
TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.,
Austin, Texas 78702-1344
Telephone    : (512) 474-5073
Facsimile    : (512) 474-0726

BY: _____
    ANDREA M. GUNN
    State Bar No. 24027056
    Federal I.D. No. 26952

**ATTORNEY FOR PLAINTIFF**
**JULIE CHANCLER**

        WILLETTE & GUERRA, L.L.P.
        International Plaza, Suite 460
        3505 Boca Chica Blvd.
        Brownsville, Texas 78521
        Telephone   : (956) 541-1846
        Facsimile    : (956) 541-1893

BY: _____
        EILEEN LEEDS
        State Bar No. 00791093
        Federal I.D. No. 16799

        MR. SETH MOORE
        State Bar No. 24027522
        Federal I.D. No. 28488

**ATTORNEYS FOR DEFENDANTS**

**ATTORNEYS FOR DEFENDANTS:**

MS. EILEEN M. LEEDS
State Bar No. 00791093
Federal I.D. No. 16799
MR. SETH MOORE
State Bar No. 24027522
Federal I.D. No. 28488
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone  : (956) 541-1846
Facsimile  : (956) 541-1893

_____        2/20/02_____
Counsel for Plaintiff(s)                Date


_____        _____
Counsel for Defendant(s)                Date


Respectfully submitted,

MR. JAMES C. HARRINGTON
State Bar No. 09048500
MS. ANDREA M. GUNN
State Bar No. 24027056
Federal I.D. No. 26952
TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.,
Austin, Texas 78702-1344
Telephone  : (512) 474-5073
Facsimile  : (512) 474-0726

BY: _____
    ANDREA M. GUNN
    State Bar No. 24027056
    Federal I.D. No. 26952

**ATTORNEY FOR PLAINTIFF
JULIE CHANCLER**