

```
                                                              MAR 1 2 2002

          UNITED STATES DISTRICT COURT                        Michael N. Milby
           SOUTHERN DISTRICT OF TEXAS                          Clerk of Court
               BROWNSVILLE DIVISION
```

| | |
|---|---|
| JULIE CHANCLER § | |
| § | |
| VS. § | CIVIL ACTION NO. B-01-207 |
| § | (Jury Requested) |
| RIO HONDO INDEPENDENT § | |
| SCHOOL DISTRICT, ROLANDO PENA, § | |
| INA TAMEZ, AND DAVID ROBLEDO, in their § | |
| individual and official capacities § | |

## DEFENDANTS' PARTIAL MOTION TO DISMISS
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE,

COMES NOW Defendants RIO HONDO INDEPENDENT SCHOOL DISTRICT, ROLANDO PENA, INA TAMEZ, and DAVID ROBLEDO in their individual and official capacities, and file this, their Partial Motion to Dismiss and in support thereof would show as follows:

### STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.   Plaintiff brings various causes of action claiming she suffered adverse employment decisions and was retaliated against on the basis of her sex and because she raised concerns about Title IX equity within the Rio Hondo Independent School District. Plaintiff brings claims under Title IX, the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, the Texas Constitution, and Chapter 106 of the Texas Civil Practice and Remedies Code. Defendants now file this, their Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

2.    **Issue One:** Whether Plaintiff can bring a cause of action for employment discrimination on the basis of sex under Title IX, 20 U.S.C. § 1681.

3.    **Issue Two:** Whether Plaintiff can bring a cause of action under Title IX, claiming retaliation for opposing employment discrimination on the basis of sex.

4.    **Issue Three:** Whether Plaintiff has standing to litigate the equality of treatment of men's and women's athletics at Rio Hondo Independent School District or the District's compliance with the substantive provisions of Title IX.

## ARGUMENT AND AUTHORITIES

**A.    Standard for dismissal under Federal Rule of Civil Procedure 12(b)(6).**

5.    Plaintiff has failed to state a claim for which relief can be granted. Accordingly, her lawsuit is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim if the face of the Plaintiff's pleadings show, beyond doubt, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Garrett v. Commonwealth Mtg. Co.*, 938 F.2d 591, 594 (5th Cir. 1991). Under this standard, a court may dismiss a complaint if the plaintiff cannot possibly prevail on his claims. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1973). Although the Rule 12(b)(6) standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met." *Mahone v. Addicks Utility Dist. of Harris County,* 836 F.2d 921, 927 (5th Cir. 1988).

**B.     Title IX does not provide a private right of action for employment discrimination on the basis of sex in federally funded educational institutions, and thus Plaintiff's claim should be dismissed.**

6.      Plaintiff's Original Complaint makes it clear that she is attempting to hold Defendants liable for employment discrimination on the basis of sex. She is also attempting to hold the Defendants liable for retaliating against her because she objected to discriminatory employment practices. She is attempting to do both under Title IX, 20 U.S.C. § 1681. As a matter of law, Plaintiff's claims cannot go forward and should be dismissed.

7.      The United States Court of Appeals for the Fifth Circuit has concluded that title IX does not provide a private right of action for employment discrimination on the basis of sex in federally-funded educational institutions. *Lakoski v. James*, 66 F.3d 751 (5th Cir.1995), *cert. denied*, 519 U.S. 947, 117 S.Ct. 357, 136 L.Ed.2d 249 (1996). This is because Title VII provides the exclusive remedy for individuals alleging employment discrimination on the basis of sex. *Lowrey v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997). Additionally, plaintiffs should not be allowed to circumvent the administrative remedies Title VII provides. *Lakoski* at 758.

8.      Further, Title VII also provides the exclusive remedy for retaliation against employees of federally funded educational institutions who raise allegations of employment discrimination. *Lowery* at 248. Thus, to the extent Plaintiff is alleging she suffered a discriminatory employment decision because of her sex, her claim cannot go forward under Title IX, and should be dismissed. Additionally, to the extent Plaintiff is claiming she was retaliated against for objecting to such discriminatory practices, her claim cannot go forward under Title IX, and should be dismissed.

**C.  Plaintiff has no standing to litigate the equality of treatment of men's and women's athletics at Rio Hondo Independent School District or the District's compliance with the substantive provisions of Title IX.**

9.  It is apparent from Plaintiff's Original Complaint, that she intends to litigate the issue of whether or not female athletes in Rio Hondo I. S. D. are treated the same as male athletes, and whether or not Rio Hondo I. S. D. is in compliance with the substantive provisions of Title IX. Because Plaintiff has no standing, these claims should be dismissed.

10.  A question of standing raises the issue of whether the plaintiff is entitled to have the court decide the merits of particular issues. *Pederson v. Louisiana State University*, 213 F.3d 858, 869 (5th Cir. 2000). To have standing, a plaintiff must establish three things:

> "First, the plaintiff must show that it has suffered an injury in fact--a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical. Second, the plaintiff must establish causation-a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. Lastly, there must be redressability--a likelihood that the requested relief will redress the alleged injury."

*Id.* Plaintiff has no standing to challenge the alleged unequal treatment of female athletes at Rio Hondo I. S. D. Plaintiff is not a female athlete at Rio Hondo I. S. D., and therefore has no standing to challenge the treatment of current female athletes there. *See generally Pederson*, 213 F.3d at 872; *Boucher v. Syracuse Univ.*, 164 F.3d 113 (2d Cir.1999).

11.     The Fifth Circuit has had an opportunity to discuss this issue on very similar facts. In *Lowrey v. Texas A&M University System*, a female basketball coach sued her employer under Title IX. She alleged they were guilty of employment discrimination on the basis of sex and misallocation of resources among male and female athletes. *Lowrey*, 117 F.3d at 244. The Fifth Circuit found that Lowrey could not challenge the misallocation of funds among male and female athletes, because she had no standing. *Id.* at 251.

## CONCLUSION

12.     Title IX does not provide a private right of action for employment discrimination on the basis of sex in federally-funded educational institutions. *Lakoski v. James*, 66 F.3d 751 (5th Cir.1995), *cert. denied*, 519 U.S. 947, 117 S.Ct. 357, 136 L.Ed.2d 249 (1996). Therefore, to the extent Plaintiff is alleging she suffered a discriminatory employment decision because of her sex, her claim cannot go forward under Title IX, and should be dismissed.

13.     Second, Title VII provides the exclusive remedy for retaliation against employees of federally funded educational institutions who raise allegations of employment discrimination. *Lowery* at 248. Thus, to the extent Plaintiff is claiming she was retaliated against for objecting to such discriminatory practices, her claim cannot go forward under Title IX, and should be dismissed.

14.     Finally, to the extent Plaintiff intends to litigate the issue of whether or not female athletes in Rio Hondo I. S. D. are treated the same as male athletes, and whether or not Rio Hondo I. S. D. is in compliance with the substantive provisions of Title IX, she has no standing. Thus, these claims should be dismissed as well.

15.  WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon hearing, this Rule 12(b)(6) Partial Motion to Dismiss be granted, that Plaintiff's claims under Title IX for sex discrimination be dismissed, that Plaintiff's claim under Title IX that she was retaliated against for objecting to such discriminatory practices be dismissed, that Plaintiff's claim under Title IX that female athletes at Rio Hondo I. S. D. are treated unequally be dismissed, and that these Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893


BY: *Eileen Leeds* wp sm
EILEEN LEEDS
State Bar No. 00791093
USDC Adm. No. 16799

SETH MOORE
State Bar No. 24027522
USDC Adm. No. 28488

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANTS PARTIAL MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) has been served by mailing same, Certified Mail, Return Receipt Requested to all counsel of record, as follows:

James C. Harrington
Andrea M. Gunn
TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.,
Austin, Texas 78702-1344

on this ___12___ day of March, 2002

_____
EILEEN LEEDS