United States District Court
Southern District of Texas
FILED

APR 0 3 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIE CHANCLER, | § | |
| Plaintiff | § | Civil Action No. B-01-207 |
| | § | |
| v. | § | |
| | § | |
| RIO HONDO INDEPENDENT SCHOOL | § | |
| DISTRICT, ROLANDO PEÑA, Rio Hondo ISD | § | |
| Superintendent, INA TAMEZ, Rio Hondo High | § | |
| School Principal, and DAVID ROBLEDO, Rio | § | |
| Hondo High School Athletic Director, in their | § | |
| individual and official capacities, | § | |
| Defendants | § | **JURY DEMANDED** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Plaintiff, Julie Chancler, files this Response to Defendants Rio Hondo Independent School District ("RHISD"), Rolando Peña, Ina Tamez, and David Robledo's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff respectfully requests that the Court deny Defendants' partial motion to dismiss and retain Plaintiff's suit on the Court's docket. In support thereof, Plaintiff would show as follows:

STATEMENT OF THE CASE

1. Plaintiff, a former coach at Rio Hondo High School, complains that Defendant Rio Hondo Independent School District ("RHISD") has denied her equal employment opportunities in violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 ("Title IX"). She also seeks redress from all Defendants under Title IX, the First and Fourteenth Amendments to the United States Constitution. 42 U.S.C. § 1983, the Texas Bill of Rights (Tex. Const. Art. 1, §§ 3a & 8), and Sec. 106.001 of the Texas Civil Practice and Remedies Code (Tex.Rev.Civ.Stat.Ann.) for the wrongful termination, unequal treatment, and retaliation she suffered. Further, Plaintiff seeks to remedy alleged previous and continued violations of Title IX and the regulations adopted pursuant

thereto in Rio Hondo High School's athletics program.

2. This civil action seeks to redress the harms suffered by Plaintiff as a result of Defendants' actions. This suit seeks a declaratory judgment that Defendants violated Plaintiff's rights under Title IX, the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, the Texas Constitution, and the Texas Civil Practice and Remedies Code. Plaintiff also seeks monetary damages.

3. Plaintiff has reserved the right to amend her Complaint at a later date to add claims of employment discrimination under Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

4. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants have moved this Court to dismiss, in part, Plaintiff's claims against them under Title IX, alleging she has failed to state various claims upon which relief can be granted.

5. Plaintiff files this response respectfully requesting that the Court deny Defendants' Motion.

ARGUMENT & AUTHORITIES

6. In brief, Plaintiff would argue that: 1) Defendants' Motion to Dismiss is untimely; 2) Defendants' Motion seeks to avoid discovery and the orderly progress of case development; 3) the Court should allow litigation to proceed and require Defendants to abate or re-file their Motion for a later date (or convert it into a Motion for Summary Judgment at a later date); and 4) her Complaint sufficiently states the causes of action that Defendants attack.

7. When considering Defendants' Motion, the Court must construe the factual allegations in the Complaint in the light most favorable to the Plaintiff. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Jones v. G.E. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). Only if no possible

construction of the alleged facts will entitle the Plaintiff to relief should the Court grant Defendants' Motion. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). If the factual allegations in Plaintiff's Complaint support any legal theory that entitles Plaintiff to some relief, the Court should overrule Defendants' Motion. Given these principles, the Court could, and should, summarily reject Defendants' Motion.

I.　　Defendants' Partial Motion to Dismiss is Untimely.

8. Defendants filed their Original Answer on February 26, 2002. Defendants waited to file their Partial Motion to Dismiss until March 12, 2002, two weeks after appearing and answering Plaintiff's Original Complaint. A post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as motion for judgment on the pleadings or summary judgment must be used to challenge the failure to state a claim for relief.[1] Plaintiff, therefore, objects to the untimely filing of Defendants' Motion and would argue that it be struck, or in the alternative, that the Motion be abated and Defendant re-file it as a Motion for Summary Judgment at a later date.

II.　　Plaintiff's Claim of Employment Discrimination under Title IX Should Be Considered By This Court.

9. Plaintiff will concede that the United States Court of Appeals for the Fifth Circuit has concluded that Title IX does not provide a private right of action for employment discrimination on the basis of sex in federally-funded educational institutions under *Lakoski v. James*, 66 F.3d 751 (5th Cir. 1995), *cert. denied*, 519 U.S. 947, 117 S.Ct. 357, 136 L.Ed.2d 249 (1996). However, the United States Supreme Court has yet to speak to this issue, and Plaintiff would respectfully suggest there are compelling arguments why such a claim should be considered and *Lakoski* overruled.

---

[1] 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 1357, at 300-01 (2d ed. 1990).

3

10. Several United States District Courts and the United States Court of Appeals for the Fourth Circuit have analyzed this issue and found a private right of action for claims of employment discrimination under Title IX.[2] The Sixth Circuit, in *Ivan v. Kent State Univ.*, 92 F.3d 1185, 1996 WL 422496 (6th Cir. July 26, 1996) (per curiam), also reached the same conclusion in an unpublished decision. The reasoning of these Courts was based on three Supreme Court cases which visited the issue of the private causes of action implicit in Title IX.

11. In *Cannon v. Univ. of Chicago*, 441 U.S. 677 (1979), a female student sued the university for equitable relief from her allegedly wrongful exclusion from a medical education based upon her gender. The Court held that the student could maintain a private suit despite no express authorization under Title IX.[3]

12. In *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60 (1992), a female high school student sued her school district for damages arising from her alleged sexual harassment by a male coach. The Court there held that Title IX conferred not only an implicit cause of action in that case, but also implicitly authorized money damages as a remedy. The Court found that "where legal rights have been invaded, and a federal statute provides for the general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done."[4]

---

[2] *Bowers v. Baylor Univ.*, 862 F. Supp. 142 (W.D.Tex 1994); *see Preston v. Commonwealth of Virginia ex rel. New River Community College*, 31 F.3d 203 (4th Cir. 1994); *Nelson v. Univ. of Maine Sys.*, 923 F.Supp. 27 (D.Me. 1996); *Bedard v. Roger Williams Univ.*, 989 F.Supp. 94 (D.R.I 1997).

[3] *Id.* at 689-708 (applying the four factors of *Cort v. Ash*, 422 U.S. 66, 78 (1975), for determining whether Congress intended a statute to create a remedy). These factors are: 1) that Title IX was enacted for the benefit of a class of persons; 2) that Congress intended to create a private remedy; 3) that Title IX was fashioned after Title VI which had a private cause of action; and 4) that it was beneficial, particularly for the federal government, to allow a cause of action by implication.

[4] *Id.* at 66.

4

13. The most compelling reasoning supporting a private right of action for employment discrimination claims under Title IX was set forth by the Supreme Court in *North Haven Bd. of Educ. v. Bell*, 46 U.S. 512 (1982). In that case, the Court upheld the validity of administrative regulations promulgated by the Department of Education under Title IX which outlawed gender-based employment discrimination by federally funded education programs. *Bell* interpreted the words "no person" contained in the federal Title IX statute, section 1681(a), to include employees of the institution receiving federal funds.[5] The Court reasoned that, given Congress' intent for a broad sweep under Title IX and because section 1681(a) neither expressly nor impliedly excludes employees from its reach, the provision should be interpreted as covering and protecting these 'persons' unless other considerations counsel to the contrary.[6] Of particular import is the fact that Congress could have easily substituted 'student' or 'beneficiary' for the word 'person' if it had wished to restrict the scope of Title IX.[7] Defendant cites *Lowrey v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997) for the premise that Title VII provides the exclusive remedy for individuals alleging employment discrimination on the basis of sex. Plaintiff would argue that the Supreme Court's decision in *Bell* specifically negates this. It is for Congress to determine the whether a statute provides an exclusive remedy. Nothing in the plain language of either Title VII or Title IX sets forth such a limitation.

14. The Court in *Bell* also stated, in dicta, that

> "a female employee who works in a federally funded education program is 'subjected to discrimination' under that program is she is paid a lower salary for like work, given less opportunity for promotion, or forced to work under more adverse

---

[5] *Id.* at 520.

[6] *Bowers v. Baylor Univ.*, 862 F.Supp. 142, 145 (W.D.Tex. 1994).

[7] *Id.*, citing *North Haven Bd. of Educ.* at 521.

conditions than are her male colleagues."[8]

The conditions described in *Bell* are just some of those faced by the Plaintiff during her employment with Defendant RHISD.

15. Given the above Supreme Court decisions, the Courts finding a private right of action for employment discrimination concluded that the Supreme Court's "next logical step" would be to recognize such a claim under Title IX. In order to resolve the split in the Circuits and among the various District Courts that have addressed this issue, Plaintiff would argue the same.

16. Should the Court find that, as a matter of law, Plaintiff's claim of employment discrimination under Title IX should be dismissed, Plaintiff would respectfully request leave to amend her Original Complaint to add a cause of action for employment discrimination under Title VII once her administrative remedies have been exhausted. Plaintiff properly and timely filed a complaint with the EEOC in January, 2002, and this agency is currently investigating Plaintiff's claims.

   III.   Plaintiff Has a Private Right of Action for Her Retaliation Claims Under Title IX.

17. It should be clarified that Plaintiff, in her Original Complaint, presents claims for retaliation suffered as a consequence of her verbal and written complaints challenging alleged violations of Title IX by Defendants. Plaintiff's very detailed factual allegations make this clear. Defendants, in their Motion, state, without supporting citations, that to the extent Plaintiff is claiming she was retaliated against for objecting to discriminatory practices under Title IX, that these claims should be dismissed.

18. Under *Lowrey*, Defendants' assumption is clearly wrong. *Lowrey* specifically recognizes a private right of action for retaliation under Title IX. The Court in that case found that employees

---

[8] *North Haven Bd. of Educ.* at 521.

of federally funded educational institutions who raise complaints, or participate in investigations, concerning compliance with Title IX are protected from retaliation by 34 C.F.R. § 100.7(e) and enjoy an implied private right of action for money damages to vindicate their rights.[9] This is precisely the type of situation Plaintiff has alleged, and, therefore, as a matter of law, she should be allowed to proceed with these claims.

19. To the extent Plaintiff has or can raise claims of retaliation based on employment discrimination under Title VII, she respectfully requests that she be granted leave to amend her Original Complaint to add these claims once she has exhausted her administrative remedies.

IV.   Plaintiff Has Standing to Assert Title IX Violations Against Rio Hondo ISD

20. Plaintiff would assert that she does, in fact, have standing to litigate the issue of whether or not Rio Hondo ISD is in compliance with the substantive provisions of Title IX as they relate to coaching in the school district. Plaintiff arguably meets all of the standing requirements cited by Defendants under *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 869 (5th Cir. 2000).

21. First, it is easily established that Plaintiff has suffered an injury in fact. Plaintiff, then a coach at RHHS, was substantially harmed by Defendant RHISD's alleged violations of Title IX. These violations included, but are not limited to, disparities in the quality, nature, availability, and compensation of coaches, all of which are expressed addressed under Title IX. As a result of Defendant's alleged Title IX violations, she and the women's athletic program at RHHS suffered. Second, causation is also easily established as Plaintiff has sufficiently plead in her Original Complaint facts showing the direct connection between Defendant RHISD's alleged Title IX violations and the harm suffered by Plaintiff. Lastly, Plaintiff would request a declaratory judgment that Defendant RHISD violated Title IX and injunctive relief in the form of systemic changes to

---

[9] *Id.* at 254.

RHISD's athletics program which would bring it into compliance with Title IX. These changes would redress Plaintiff's injury, and, therefore, satisfy the last prong of the *Pederson* test for standing.

22. The Court in *Lowrey* generally states that the Plaintiff there did not have a right to state a claim for discrimination on behalf of her students. In contrast, Plaintiff in the instant case primarily alleges claims of Defendant RHISD's Title IX violations as they have to do with her and the unequal treatment given her as a coach in that school district. The way Defendant treated Plaintiff, not to mention the other female coaches and female athletes at RHHS, violated Title IX, and Plaintiff should have standing to seek remedies for the harm she suffered.

23. Further support for Plaintiff's standing in this instance is that her claims fall within the prudential "zone of interest" protected by Title IX. To meet this requirement, the "interest sought to be protected by the complainant must be arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question."[10] Congress intended Title IX to be broad-ranging, as discussed above. It could be argued that the only genuine limitation on Title IX's scope is, as expressly stated in section 1681(a), that the discrimination be based on sex. That requirement is clearly met here - Plaintiff is a female and her claims are made based on her gender. Therefore, her claims fall within the zone of interest protected by Title IX. Further, as equality in coaching is a goal of Title IX, it could also be argued that Plaintiff's claims as they regard coaching fall within the zone the interest. As such, Plaintiff should have standing to litigate these claims.

## CONCLUSION & PRAYER

24. For these reasons, Plaintiff respectfully asks the Court to deny Defendants' Partial Motion to Dismiss and retain Plaintiff's suit on the Court's docket. In the alternative, if the Court

---

[11] *Assoc. of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 153 (1970).

determines Plaintiff has failed to state claims for which relief may be granted, Plaintiff respectfully requests that she be granted leave to amend.

DATED: April 1, 2002.

Respectfully submitted

James C. Harrington
State Bar No. 09048500
Andrea M. Gunn
State Bar No. 24027056

TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.
Austin, TX 78702-1344
   (512) 474-5073 [telephone]
   (512) 474-0726 [facsimile]

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was sent via facsimile and mailed, with postage pre-paid, on the 1st day of April, 2002, to the following:

Eileen Leeds/Seth Moore
Willette & Guerra, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
956/541-1893

Andrea M. Gunn