/4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**MAY 0 7 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JULIE CHANCLER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-207 |
| | § | (Jury Requested) |
| RIO HONDO INDEPENDENT | § | |
| SCHOOL DISTRICT, ROLANDO PENA, | § | |
| INA TAMEZ, AND DAVID ROBLEDO, in their | § | |
| individual and official capacities | § | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
## TO DEFENDANTS' PARTIAL MOTION TO DISMISS
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE,

COMES NOW Defendants RIO HONDO INDEPENDENT SCHOOL DISTRICT, ROLANDO PENA, INA TAMEZ, and DAVID ROBLEDO in their individual and official capacities, and file this, their Reply to Plaintiff's Response to Defendant's Partial Motion to Dismiss and in support thereof would show as follows:

### BACKGROUND

1.    Plaintiff brings various causes of action claiming she suffered adverse employment decisions and was retaliated against on the basis of her sex and because she raised concerns about Title IX equity within the Rio Hondo Independent School District. Plaintiff brings claims under Title IX, the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, the Texas

Constitution, and Chapter 106 of the Texas Civil Practice and Remedies Code. Defendants filed

their Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 12,

2002. Plaintiff filed a response on April 3, 2002. Defendants now file this, their reply to Plaintiff's

response.

**A.    Defendants' Motion to Dismiss is not untimely and should not be struck.**

Plaintiff asks this court to strike Defendants' motion or force Defendants to raise the issues

at a later date, in a different vehicle. However, Plaintiff cites no binding authority for such a

proposition. Failure to state a claim upon which relief can be granted is a defense that can be made

by motion at the option of the pleader. FED. R. CIV. P. 12(b). Such a defense can be raised at any

time, including at trial on the merits. FED. R. CIV. P. 12(h)(2). If filed after the close of pleadings,

a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be construed by the

district court as a motion for judgment on the pleadings under Rule 12(c). *Patel v. Contemporary*

*Classics*, 259 F.3d 123, 126 (2d. Cir. 2001). Plaintiff can cite no authority for asking this court not

to consider Defendants' motion, and the court should decline such an invitation.

**B.    Plaintiff does not dispute that Plaintiff has no claim for employment discrimination on**
**the basis of sex under Title IX.**

In her response to Defendants' motion, Plaintiff admits that "the United States Court of

Appeals for the Fifth Circuit has concluded that Title IX does not provide a private right of action

for employment discrimination on the basis of sex in federally-funded educational institutions under

*Lakoski v. James*, 66 F.3d 751 (5th Cir. 1995), cert denied, 519 U.S. 947, 117 S.Ct. 357, 136 L.Ed.2d

249 (1996).  Plaintiff then goes on for eight paragraphs trying to convince this court to overrule the Fifth Circuit's decisions in *Lakoski* and *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997).  In essence, Plaintiff would have the Defendants assume the burden and expense of an appeal to the Fifth Circuit so that she can have her chance to change the current status of the law.  If Plaintiff does not like the law in the Fifth Circuit, it should be her burden to appeal her case to the appeals court, not the Defendants'.  Again, the court should decline the Plaintiff's invitation, uphold the Fifth Circuit's decisions in *Lakoski* and *Lowery*, and dismiss Plaintiff's claim for employment discrimination on the basis of sex, which she improperly brings under Title IX.

**C.      Plaintiff misconstrues Defendants' arguments regarding her retaliation claim.**

Plaintiff states in her response to Defendants' motion that she should be able to maintain a claim for retaliation under Title IX.  Defendants do not dispute this.  To the extent Plaintiff is claiming she was retaliated against for "her participation in complaints and investigations challenging alleged violations of Title IX," she has a cause of action.  *Lowery*, 117 F.3d at 247.  However, to the extent she is claiming she was retaliated against for "her participation in complaints and investigations challenging alleged employment discrimination," her "cause of action is barred under the analysis employed in *Lakoski*."  *Lowery*, 117 F.3d at 247.  Title VII provides the exclusive remedy for retaliation against employees of federally funded educational institutions who raise allegations of employment discrimination.  *Id.* at 248.  Thus, under *Lowery* and *Lakoski*, which Plaintiff admits are controlling, her retaliation claim for participating in complaints and investigations challenging alleged employment discrimination should be dismissed.

**D.     Plaintiff has no standing to assert any claims under Title IX, other than her retaliation claim.**

It is undisputed that Title IX does not provide a private right of action for employment discrimination on the basis of sex in federally-funded educational institutions under *Lakoski* and *Lowery*. It is also undisputed that to the extent Plaintiff is claiming she was retaliated against for "her participation in complaints and investigations challenging alleged violations of Title IX," she has a cause of action under Title IX. However, that is the only Title IX cause of action available to Plaintiff. Defendants readily admit that Plaintiff made complaints and participated in investigations of alleged violations of Title IX at Rio Hondo I.S.D. Whether or not there was any merit to Plaintiff's complaints is completely irrelevant to this case. The only issue arising under Title IX in this case is whether Plaintiff was retaliated against for her allegations of Title IX violations.

Plaintiff makes it clear in her complaint and in her response to Defendants' motion that she seeks to use this Court to delve into Rio Hondo I.S.D.'s current compliance with the substantive provisions of Title IX. Plaintiff has no standing to do this. She cannot bring causes of action on behalf of current coaches or athletes in Rio Hondo I.S.D. Further, she has not shown how Rio Hondo I.S.D.'s current compliance with Title IX has caused the alleged retaliation or how enjoining any non-compliance would redress her injury, as required by Fifth Circuit precedent. *Pederson v. Louisiana State University*, 213 F.3d 858, 869 (5th Cir. 2000).

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon hearing, their Rule 12(b)(6) Partial Motion to Dismiss be granted, that Plaintiff's claims under Title IX for employment discrimination based on sex be dismissed, that Plaintiff's claim under Title IX that she was retaliated against for opposing such alleged employment discrimination be dismissed, that Plaintiff's claim under Title IX that Rio Hondo I. S. D. is not in compliance with the substantive provisions of Title IX be dismissed, and that these Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas  78521
Telephone     : (956) 541-1846
Facsimile      : (956) 541-1893


BY: _Eileen Leeds_ _____
        EILEEN LEEDS
        State Bar No. 00791093
        USDC Adm. No. 16799

        SETH MOORE
        State Bar No. 24027522
        USDC Adm. No. 28488

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) has been served by mailing same, Certified Mail, Return Receipt Requested to all counsel of record, as follows:

James C. Harrington
Andrea M. Gunn
TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.,
Austin, Texas 78702-1344

on this ____7____ day of May, 2002

EILEEN LEEDS