IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JUL 0 5 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JULIE CHANCLER § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. B-01-207 |
| RIO HONDO INDEPENDENT § | |
| SCHOOL DISTRICT, ROLANDO PEÑA, § | |
| INA TAMEZ, and DAVID ROBLEDO, in § | |
| their individual and official capacities § | |

## ORDER

Pending before the Court is Defendant's Rule 12(b)(6) Partial Motion to Dismiss (Docket No. 8) to which plaintiff has filed a Response (Docket No. 12). For the reasons stated below, this Motion is **GRANTED**.

## RULE 12(b)(6) STANDARD

In reviewing a 12(b)(6) motion, the court must liberally construe the plaintiff's complaint in a light favorable to the plaintiff, and all pleaded facts must be taken as true. *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 573 (5th Cir. 2001). The court may grant a 12(b)(6) motion to dismiss only where, upon a liberal interpretation of plaintiff's complaint, plaintiff has failed to state a claim for relief *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Plaintiff must plead specific facts and not conclusory allegations. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

## BACKGROUND

Plaintiff, Julie Chancler ("Chancler"), is a former coach at Rio Hondo High School and a former employee of the Rio Hondo Independent School District ("RHISD"). Defendants are RHISD Superintendent, Rolando Peña ("Peña"), Rio Hondo High School Principal, Ina Tamez ("Tamez"), Rio Hondo High School Athletic Director, David Robledo ("Robledo"), and the Rio Hondo Independent School District.

Chancler brings a cause of action alleging employment discrimination on the basis of gender in violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 ("Title IX"). She seeks redress for wrongful termination, unequal treatment, and retaliation in violation of her rights under Title IX, the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, the Texas Bill of Rights (Tex. Const. Art. 1, §§ 3a & 8), and Sec. 106.001 of the Texas Civil Practice and Remedies Code (Tex.Rev.Civ.Stat.Ann.). She seeks a declaratory judgment that Defendants so violated her rights and further seeks monetary damages.

Chancler pleads that in June 1999, she was hired by RHISD as Head Cross Country, Head Basketball, and Head Track coach at Rio Hondo High School and assigned to teach health classes and secondary physical education classes at the high school. She states that during her first year of employment with the school district, she received an excellent performance evaluation from Defendant Tamez. She further claims that at the end of the 1999-2000 school year, Defendants Tamez and Robledo informed her that she would be named Rio Hondo High School Girls' Athletic Coordinator for the 2000-2001 term.

Chancler claims that in September 2000, believing that she was the Girls' Athletic Coordinator, she asked Defendant Robledo why male coaches at the high school received seventeen (17) additional salaried days while female coaches received only ten (10) additional salaried days.

Chancler claims that in response, Defendant Robledo informed her orally and by written memo that she, too, would receive seventeen (17) additional salaried days. However, she alleges that in retaliation for inquires, Defendant Robledo also informed her that she would no longer be the Girls' Athletic Coordinator, and further advised that she would not earn as much money as a Head Coach for the Cross Country, Basketball, and Track teams as her male counterparts who assisted with football and one other sport. Chancler then told Defendant Robledo that she believed the inequities in compensation for male and female coaches at Rio Hondo High School were discriminatory.

Chancler sent a letter to RHISD administrators regarding her concerns with the district's Title IX compliance. She requested district budget information and that the RHISD conduct a Title IX audit and an equal pay and gender equity audit. The letter also outlined Chancler's concerns with alleged disparities between the boys' and girls' athletic programs at the high school. According to the Chancler, she sent a second letter requesting information from Defendant Peña about the high school athletic program concerning Title IX violations. Chancler claims that Assistant Superintendent Roque Rodriguez undertook an investigation, but that the school district took no further action.

Pursuant efforts to retrieve this data from the school district, Chancler complains that she experienced increased hostility and increased scrutiny regarding her job performance from Defendant Robledo. Nonetheless, she necessarily performed additional track coaching duties during the basketball season, after a Junior Varsity Basketball coach left her job at the district. Chancler admits that she played an ineligible basketball player after Christmas break that season, a UIL infraction which caused RHISD to forfeit five (5) games. She asserts it was her first and only UIL infraction, and the result of overwork.

Chancler was removed from her coaching duties as of February 16, 2001. She appealed the removal, but the RHISD upheld its original decision to remove her from coaching. She alleges that

her removal was a retaliatory measure taken by the school district pursuant her inquiries regarding Title IX violations within RHISD.

Plaintiff claims that intentional discrimination at RHISD on the basis of sex caused her embarrassment, humiliation, pain and suffering, mental anguish, harm to her professional reputation, and a diminished opportunity for future employment in an athletic position, thereby reducing her future earning capacity.

## THE 12 (b)(6) MOTION

Defendants claim that Title IX does not provide a cause of action for employment discrimination on the basis of sex and that Plaintiff has no standing to litigate the district's Title IX compliance. Plaintiff concedes in her Response to Defendant's Partial Motion to Dismiss that the United States Court of Appeals for the Fifth Circuit has held that Title IX does not provide a private right of action for employment discrimination on the basis of sex in federally-funded educational institutions. *Lakoski v. James*, 66 F.3d 751, 753 (5th Cir. 1995), *cert. denied*, 519 U.S. 947 (1996). Nonetheless, Plaintiff suggests that where the United States Supreme Court has yet to speak to this issue, the holding in *Lakoski* should be overruled by this Court.

Defendants maintain that RHISD is entitled to and does not waive its governmental immunity and sovereign immunity from liability and suit. They state that individual Defendants acted at all times in good faith and are entitled to qualified immunity and official immunity. They assert that Chancler's removal transpired after her UIL infraction, which caused the forfeiture of five (5) girls' basketball games, and that the same employment decisions would have been made whether or not Chancler participated in protected activity.

## DISCUSSION

Chancler's pleading, which seeks a declaratory judgment and money damages for alleged employment discrimination on the basis of sex at RHISD, does not present a cause of action for relief under Title IX. In *Lakoski*, the United States Court of Appeals for the Fifth Circuit held that Title IX does not provide a direct private right of action for employment discrimination on the basis of sex in federally-funded educational institutions for individuals seeking money damages, nor does it provide an indirect private right of action to such individuals through § 1983. As determined by the court in *Lakoski*, while both Title IX and Title VII protect individuals against gender-based employment discrimination, Title VII provides the administrative procedure that a claimant seeking monetary damages under Title IX or through § 1983 must first pursue before judicial relief can be sought. *Lakoski*, 66 F.3d at 753. It also excludes a Title IX damage remedy for individuals alleging employment discrimination. *Lakoski*, 66 F.3d at 755. Where Plaintiff presents this claim under Title IX and not Title VII, she does not maintain a cause of action for which relief may be granted.

Plaintiff's claims as they relate to violations of her rights under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, the Texas Bill of Rights (Tex. Const. Art. 1, §§ 3a & 8), and Sec. 106.001 of the Texas Civil Practice and Remedies Code (Tex.Rev.Civ.Stat.Ann.) present conclusory allegations and not pleadings of fact, and are thereby dismissed and returned for more specific pleading.

Further, where Plaintiff has failed to establish causation or and that she has suffered injury-in-fact beyond conclusory allegations, she fails to establish standing upon which this court may consider the merits of her case, and the case may be dismissed for lack of standing. *Pederson v. Louisiana State Univ.* 213 F.3d 858, 865 (5th Cir. 2000).

IT IS THEREFORE **ORDERED** that Defendant's Rule 12(b)(6) Partial Motion to Dismiss be **GRANTED**, and for the reasons stated herein, this case is **DISMISSED**.

DONE in Brownsville, Texas, this 5th day of July, 2002.

Filemon B. Vela

United States District Judge