*17*

United States District Court
Southern District of Texas
FILED

JUL 17 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIE CHANCLER, § | | |
| Plaintiff § | | Civil Action No. B-01-207 |
| § | | |
| v. § | | |
| § | | |
| § | | |
| RIO HONDO INDEPENDENT SCHOOL § | | |
| DISTRICT, ROLANDO PEÑA, Rio Hondo ISD § | | |
| Superintendent, INA TAMEZ, Rio Hondo High § | | |
| School Principal, and DAVID ROBLEDO, Rio § | | |
| Hondo High School Athletic Director, in their § | | |
| individual and official capacities, § | | |
| Defendants § | | |

**PLAINTIFF'S MOTION FOR CLARIFICATION AND/OR RECONSIDERATION OF
THE COURT'S RULING ON DEFENDANTS' PARTIAL MOTION TO DISMISS,
AND MEMORANDUM IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs ask this Court to clarify and/or reconsider its ruling dismissing Plaintiff's case, and in support thereof would respectfully show the Court as follows:

STATEMENT OF THE CASE

1. Plaintiff, a former coach at Rio Hondo High School, complains that Defendant Rio Hondo Independent School District ("RHISD") has denied her equal employment opportunities in violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 ("Title IX"). She also seeks redress from all Defendants under Title IX, the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, the Texas Bill of Rights (Tex. Const. Art. 1, §§ 3a & 8), and Sec. 106.001 of the Texas Civil Practice and Remedies Code (Tex.Rev.Civ.Stat.Ann.) for the wrongful termination, unequal treatment, and retaliation she suffered.

2. This civil action seeks to redress the harms suffered by Plaintiff as a result of Defendants' actions. This suit seeks a declaratory judgment that Defendants violated Plaintiff's rights under Title

IX, the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, the Texas Constitution, and the Texas Civil Practice and Remedies Code. Plaintiff also seeks monetary damages.

3. Plaintiff previously reserved the right to amend her Complaint at a later date to add claims of employment discrimination under Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). *See Plaintiff's Original Complaint*, ¶ 3. Along with this Motion, Plaintiff is simultaneously filing her Motion for Leave to File Plaintiff's First Amended Complaint, adding her Title VII claims. Plaintiff respectfully requests, in the interests of justice and judicial economy, that her Motion for Leave be granted.

4. On March 12, 2002, Defendants filed their Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded to Defendants' Motion on April 3, 2002, and Defendants replied to this Response on May 7, 2002. The Court granted Defendants' Partial Motion to Dismiss, dismissing Plaintiff's case in an Order signed on July 5, 2002.

5. Plaintiff files this Motion for Clarification and/or Reconsideration and asks the Court to amend or alter its Order dismissing Plaintiff's case so that Plaintiff's case is retained on the Court's docket. In the alternative, Plaintiff requests the Court grant her leave to file her First Amended Complaint, wherein she will add her claims of employment discrimination under Title VII and replead with more specificity the factual allegations related to her other causes of action.

## STANDARD OF REVIEW

6. The Federal Rules of Civil Procedure do not recognize a "Motion for Reconsideration" in those exact terms. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990). However, the Fifth Circuit has held that a motion to reconsider a dispositive pre-trial motion is analogous to a motion to "alter or amend the judgment" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Rule 60(b). *See id.*

2

7. A Motion for Reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling and a Rule 60(b) motion if it is served more than ten (10) days after the court's ruling. *See id.* Plaintiff's motion in this case is being mailed for filing and served on opposing counsel seven (7) days after the Court rendered its decision. Therefore, Rule 59(e) governs Plaintiff's Motion for Reconsideration.

8. In *Washington v. CSC Credit Servs., Inc.*, 180 F.R.D. 309 (E.D.La.1998), *rev'd and vacated on other grounds,* 199 F.3d 263 (5th Cir.2000), this Court ruled that alteration or amendment of a previous ruling under Federal Rule of Civil Procedure 59(e) is proper only upon the movant's showing of: "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law." 180 F.R.D. at 311.

### ARGUMENTS & AUTHORITIES

A.  <u>Plaintiff's Request for Clarification</u>

9. Plaintiff respectfully requests the assistance of the Court in clarifying its Order on Defendants' Partial Motion to Dismiss. In particular, Plaintiff seeks clarification regarding 1) claims not specifically addressed by the Court, for which Plaintiff may still have a cause of action; 2) the dismissal of her claims as they relate to the violation of her rights under the First Amendment to the United States Constitution, 42 U.S.C. § 1983, the Texas Bill of Rights (Tex. Constit. Art. 1, § 8); and 3) the dismissal of her claims as they relate to the violation of her rights under the Fourteenth Amendment to the United States Constitution, the Texas Equal Rights Amendment (Tex. Constit. Art. 1, § 3a, and Sec. 106.001 of the Texas Civil Practice and Remedies Code (Tex.Rev.Civ.Stat.Ann.) ("Chapter 106").

1)  <u>Plaintiff's Title IX Retaliation Claims</u>

10. The Court, in its Order and Discussion, does not specifically address the status of Plaintiff's cause of action for retaliation under Title IX. Plaintiff would respectfully request that the Court alter or amend its Order to clarify that Plaintiff may proceed with her cause of action for

3

retaliation under Title IX.

11. In her Original Complaint, Plaintiff presents claims for retaliation suffered as a consequence of her verbal and written complaints challenging alleged violations of Title IX by Defendants. Plaintiff's very detailed factual allegations make this clear. *See Plaintiff's Original Complaint*, ¶¶ 12-27; *See also Id.* at ¶¶ 48-51. Defendants, in their Reply to Plaintiff's Response to Defendants' Partial Motion to Dismiss, do not dispute Plaintiff's ability to maintain a claim for retaliation under Title IX. In fact, Defendants go so far as to state: "To the extent Plaintiff is claiming she was retaliated against for her 'participation in complaints and investigations challenging alleged violations of Title IX,' she has a cause of action." (citing *Lowrey v. Texas A&M Univ. System*, 117 F.3d 242, 247 (5th Cir. 1997)). *Id.* at 3. This is precisely what Plaintiff did in her Original Complaint. Plaintiff's First Amended Complaint will not alter her retaliation allegations.

12. Therefore, Plaintiff has made sufficient factual allegations supporting a cause of action for retaliation under Title IX, and should be allowed to proceed with these claims.

    2)    <u>Plaintiff's Retaliation Claims under the First Amendment, 42 U.S.C. § 1983, and the Texas Bill of Rights</u>

13. In the Court's Order, Plaintiff's claims as they relate to retaliation against her in violation of her rights under the First Amendment to the United States Constitution, 42 U.S.C. § 1983, and the Texas Bill of Rights (Tex. Constit. Art. 1, § 8) were dismissed for presenting "conclusory allegations and not pleadings of fact."

14. Plaintiff has provided very detailed factual allegations in support of her retaliation claims. *See Plaintiff's Original Complaint*, ¶¶ 12-27; *See also Id.* at ¶¶ 48-51. Essentially, the same facts that evidence Plaintiff's claims of retaliation under Title IX would apply in the free speech context. In addition, further discovery will reveal facts not presently in evidence which will

substantiate Plaintiff's claims. However, in Plaintiff's First Amended Complaint, she will attempt to plead with more specificity her allegations as they relate to the above claims. If more is needed from the Plaintiff, she would respectfully request the Court's clarification and guidance in this matter.

    3) <u>Plaintiff's Equal Protection, Unequal Treatment Claims under the Fourteenth Amendment, the Texas Bill of Rights, and Chapter 106</u>

15. In the Court's Order, Plaintiff's claims as they relate to the violations of her rights under the Fourteenth Amendment to the United States Constitution, the Texas Equal Rights Amendment (Tex. Constit. Art. 1, § 3a), and Chapter 106 of the Texas Civil Practice and Remedies Code were also dismissed for presenting "conclusory allegations and not pleadings of fact."

16. Plaintiff has provided very detailed factual allegations in support of the above claims. *See Plaintiff's Original Complaint*, ¶¶ 12-27. Essentially, the same facts that would go to Plaintiff's claims of employment discrimination under Title IX (replead as Title VII in Plaintiff's First Amended Complaint) would also evidence her claims of the violation of her rights to equal protection and treatment, as well as the unreasonable burden placed on her because of her sex. In addition, further discovery will reveal facts not presently in evidence which will substantiate Plaintiff's claims. However, as stated above, she will attempt to replead with more specificity her allegations as they relate to the above claims. If more is needed from the Plaintiff, she would respectfully request the Court's clarification and guidance in this matter.

  B. <u>Plaintiff's Title VII Claims</u>

17. Plaintiff's intent all along has been to amend her Complaint to add claims of employment discrimination under Title VII. She has simply been following the appropriate administrative procedures and exhausting, as required under the statute, her available administrative remedies.

5

Plaintiff has cooperated fully with the EEOC's investigation of her claims.

18. To date, the EEOC has issued no findings pursuant to the charge against Defendant RHISD. The 180-day statutory period recently passed on or about June 10, 2002. Plaintiff's counsel has been in contact with the EEOC, and was informed by letter (received July 5, 2002) that Plaintiff's request for a Notice of Right to Sue has been forwarded to the Department of Justice for action. Plaintiff's counsel anticipates receiving such Notice within the next four-six weeks.

18. Plaintiff has submitted more than sufficient facts supporting such an employment discrimination claim. Forcing Plaintiff to re-file her Complaint and start again from scratch would do a disservice not only to the Plaintiff, who seeks closure in this matter, but also to the Defendants and the Court. In the interests of justice and judicial economy, Plaintiff, therefore, respectfully requests that she be allowed to amend her Complaint to add her Title VII claims, thereby necessitating the reconsideration of the Court's Order dismissing this case.

## CONCLUSION & PRAYER

For the above reasons, Plaintiff asks the Court to grant her Motion for Reconsideration and subsequently alter or amend its previous judgment dismissing Plaintiff's case. In the alternative, Plaintiff requests the Court grant her leave to file her First Amended Complaint, adding her claims of employment discrimination under Title VII and repleading with more specificity the factual allegations related to her other causes of action.

Dated: July 12, 2002

Respectfully submitted,

_____
James C. Harrington
State Bar No. 09048500
Andrea M. Gunn
State Bar No. 24027056

TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.
Austin, Texas 78702-1344
 (512) 474-5073 [telephone]
 (512) 474-0726 [facsimile]

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

I certify that on July 12, 2002, I conferred with opposing counsel, Seth Moore, via telephone, and he has confirmed that Defendants oppose this Motion.

_____
Andrea M. Gunn

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was sent via certified mail, return receipt requested, to the following on July 12, 2002:

Eileen Leeds/Seth Moore
Willette & Guerra, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

_____
Andrea M. Gunn

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIE CHANCLER, § | | |
| Plaintiff § | Civil Action No. B-01-207 | |
| § | | |
| v. § | | |
| § | | |
| RIO HONDO INDEPENDENT SCHOOL § | | |
| DISTRICT, ROLANDO PEÑA, Rio Hondo ISD § | | |
| Superintendent, INA TAMEZ, Rio Hondo High § | | |
| School Principal, and DAVID ROBLEDO, Rio § | | |
| Hondo High School Athletic Director, in their § | | |
| individual and official capacities, § | | |
| Defendants § | **JURY TRIAL DEMANDED** | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF THE COURT'S RULING ON DEFENDANTS' PARTIAL MOTION TO DISMISS**

On this day, the Court considered the Plaintiffs' Motion for Reconsideration and/or Clarification. After considering the Motion and Response, the Court:

GRANTS the Motion and renders a ruling REINSTATING Plaintiff's case on the Court's docket.

SIGNED this _____ day of _____, 2002.

_____
UNITED STATES DISTRICT JUDGE