

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**AUG 0 9 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JULIE CHANCLER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-207 |
| | § | (Jury Requested) |
| RIO HONDO INDEPENDENT | § | |
| SCHOOL DISTRICT, ROLANDO PENA, | § | |
| INA TAMEZ, AND DAVID ROBLEDO, in their | § | |
| individual and official capacities | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR CLARIFICATION AND/OR RECONSIDERATION AND PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE,

COMES NOW Defendants RIO HONDO INDEPENDENT SCHOOL DISTRICT, ROLANDO PENA, INA TAMEZ, and DAVID ROBLEDO in their individual and official capacities, and file this, the response to Plaintiff's Motion for Clarification and/or Reconsideration and Plaintiff's Motion for Leave to File First Amended Complaint, and in support thereof would show as follows:

### STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.    Plaintiff brought various causes of action claiming she suffered adverse employment decisions and was retaliated against on the basis of her sex and because she raised concerns about Title IX equity within the Rio Hondo Independent School District. Plaintiff brought claims under

Title IX, the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983,

the Texas Constitution, and Chapter 106 of the Texas Civil Practice and Remedies Code.

Defendants filed a Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

on March 12, 2002. The Court granted Defendants' Motion, and dismissed Plaintiff's case in its

entirety on July 5, 2002. After the dismissal, Plaintiff filed a Motion for Clarification and/or

Reconsideration of the Court's rulings on Defendants' Partial Motion to Dismiss, and a Motion for

Leave to File First Amended Complaint. Defendants now file this, their response to Plaintiff's

Motions.

## ARGUMENT AND AUTHORITIES

2.      Plaintiff asked this court to reconsider its decision to dismiss her case on the reasoning stated

in *Washington v. CSC Credit Services, Inc.,* 180 F.R.D. 309 (E.D. La.. 1998), *reversed and vacated*

*on other grounds,* 119 F.3d 263 (5th Cir. 2000). Under this standard, the court should reconsider

its ruling only upon Plaintiff's showing of an intervening change of controlling law, the availability

of new evidence, or the need to correct a clear and manifest air of fact or law. *Id.* After asking the

court to review its decision under this standard, Plaintiff fails to meets her burden. Plaintiff has not

pointed to an intervening change of controlling law or the availability of new evidence. Thus, it

appears the Plaintiff contends that a clear and manifest error of fact or law needs to be corrected.

Defendant would show that no such error exists.

3.    Plaintiff has not shown the need to correct a clear and manifest error of fact or law. Plaintiff's Motion for Clarification and/or Reconsideration asks this court to reinstate all of Plaintiff's claims without any apparent basis other than her desire to continue in litigation. Her arguments to the court seem to boil down to one proposition which is: "I think I pled enough facts, but if the court will give me another chance, I will plead some more." Plaintiff does not address any of the legal reasons the court gave for dismissing her claims.

4.    Plaintiff has asked the Court to reinstate her Title IX claim.   As her basis, she seems to rely primarily on Defendants' statements in their Motion to Dismiss.   It is true that Defendants concede a cause of action exists under Title IX if a person was retaliated against for participation in complaints and investigations challenging alleged violations of Title IX. *Lowrey v. Texas A & M. Univ. System*, 117 F.3d 242 (5th. Cir. 1997). However, this court has decided that Plaintiff cannot maintain such a claim and Plaintiff's Motion for Clarification and/or Reconsideration does not appear to provide any basis for the court to change its mind.

5.    Plaintiff has also asked the court to reinstate her U. S. Constitutional claims, her Texas Constitutional claims, and her claim under Chapter 106 of the Texas Civil Practice and Remedies Code. Again, Plaintiff has articulated no basis for the court to change its mind.  Plaintiff asks the court to reinstate these claims and allow her an opportunity to file a new, more specific complaint. Plaintiff fails to address the fact that in addition to finding that her claims present conclusory allegations, the court also found that she has failed to establish causation or that she has suffered injury in fact. Thus, she has no standing to bring these claims.

6.    Finally, Plaintiff asks this court to reinstate her lawsuit and allow her to bring Title VII claims against the Defendants.  Plaintiff states that it was her intention all along to bring her claims under Title VII, but does not explain to the court why she attempted to circumvent Title VII and brought the claims under Title IX.  In her Motion for Leave to file First Amended Complaint, Plaintiff goes on to ask this court to disregard the administrative remedy procedures of Title VII and allow her to file her claims without exhausting those procedures and without a right to sue letter from the E.E.O.C.  Plaintiff proposes the following argument for her request:

> "In *Munoz v. Aldridge*, 894 F.2d 1489, 1492 (5th Cir. 1990), the court found a clear right on the part of the Plaintiffs to bring suit after one hundred and eighty days, pursuant to the plain language of section 2000e-16.  The court cites in support of this holding *Gomez v. Dept. of the Air Force*, 869 F.2d 852, 857 n. 13 (5th Cir. 1989) (construing virtually identical  provision of the Civil Service Act to be a "poorly worded and truncated version of 42 U.S.C. §2000e - 16(c)), *Porter v. Adams*, 639 F.2d 273, 275 (5th Cir. 1981) ("complainant may bring a civil action under the section only after final administrative action has been taken or after statutorily defined period has elapsed"), and *Waiters v. Parsons*, 729 F.2d 233, 237 (3rd Cir. 1984) ("at the end of the one hundred and eighty day period the employee is entitled to sue, regardless of the pendency of the E.E.O.C. proceedings.") *Id*. at 1493."

7.      It should be pointed out, that the case law above, which Plaintiff relies on, interprets a section of Title VII which is inapplicable to our case. Section 2000e - 16 of Title VII deals with employment by the federal government. Defendants are not subject to the provisions of 2000e - 16. 42 U. S. C. §2000e - 16(a). If Plaintiff has a cause of action under Title VII, it would be governed by 42 U. S. C. §2000e -5(f), which contains substantially different language from §2000e - 16. Under this section, Plaintiff must wait for the E.E.O.C. to issue its right to sue letter before she is allowed to file a civil action in this court. 42 U. S. C. §2000e - 5(f) (1).

8.      Finally, Plaintiff has recently propounded written discovery to the Defendants, copies of which are attached for the court's review. These discovery requests show Plaintiff's clear intention to litigate the issue of the Rio Hondo Independent School District's compliance with the substantive provisions of Title IX. Specifically, whether Rio Hondo I. S. D. offers equal athletic opportunities to female students and whether Rio Hondo I. S. D. meets the equitable funding provisions of Title IX. Defendants have already argued, and this court has already ruled, that Plaintiff has no standing to litigate these issues. Additionally, Plaintiff issued these discovery requests after the court dismissed her case. As such, Defendants would ask this court to declare these discovery requests null and void.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon hearing Plaintiff's Motion for Clarification and/or Reconsideration and Plaintiff's Motion for Leave to File First Amended Complaint be denied. That the court's order of July 5, 2002 which dismissed Plaintiff's case in its entirety remain intact, that Plaintiff take nothing as to these Defendants and that these

Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

BY: _____

EILEEN LEEDS
State Bar No. 00791093
USDC Adm. No. 16799

SETH MOORE
State Bar No. 24027522
USDC Adm. No. 28488

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR CLARIFICATION AND/OR RECONSIDERATION AND PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** has been served by mailing same, Certified Mail, Return Receipt Requested to all counsel of record, as follows:

James C. Harrington
Andrea M. Gunn
TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.,
Austin, Texas 78702-1344

on this _____9_____ day of August, 2002

_____
EILEEN LEEDS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIE CHANCLER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-207 |
| | § | (Jury Requested) |
| RIO HONDO INDEPENDENT | § | |
| SCHOOL DISTRICT, ROLANDO PENA, | § | |
| INA TAMEZ, AND DAVID ROBLEDO, in their | § | |
| individual and official capacities | § | |

## PLAINTIFF'S RECENTLY PROPOUNDED WRITTEN DISCOVERY TO THE DEFENDANTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIE CHANCLER | § | |
| Plaintiff | § | |
| v. | § | Civil Action No. B-01-207 |
| | § | |
| RIO HONDO INDEPENDENT SCHOOL | § | |
| DISTRICT, ROLANDO PEÑA, Rio Hondo ISD | § | |
| Superintendent, INA TAMEZ, Rio Hondo High | § | |
| School Principal, and DAVID ROBLEDO, Rio | § | |
| Hondo High School Athletic Director, in their | § | |
| individual and official capacities, | § | |
| Defendants | § | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT RIO HONDO INDEPENDENT SCHOOL DISTRICT**

TO:   Defendant Rio Hondo Independent School District, by and through its counsel of record, Eileen Leeds and Seth Moore, Willette & Guerra, L.L.P., International Plaza, Ste. 460, 3505 Boca Chica Blvd., Brownsville, Texas 78521.

Pursuant to Federal Rule of Civil Procedure 33, Defendant Rio Hondo Independent School District (hereinafter referred to as "RHISD") is hereby requested to answer fully, separately, and under oath the following Interrogatories within thirty (30) days after service.

Dated: July 17, 2002

Respectfully submitted,

James C. Harrington
State Bar No. 09048500
Andrea M. Gunn
State Bar No. 24027056

TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.
Austin, Texas 78702-1344
   (512) 474-5073 (telephone)
   (512) 474-0726 (facsimile)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was sent via certified mail, return receipt requested, to the following on the 12th of July, 2002:

Eileen Leeds/Seth Moore
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Andrea M. Gunn

## INSTRUCTIONS--INTERROGATORIES

Under the Federal Rules of Civil Procedure, Defendant is hereby requested to answer fully,

factually, in writing, and under oath each of the separate Interrogatories hereafter set forth.

Defendant is instructed that:

(1)     All Interrogatories must be answered fully in writing in accordance with Rules 11 and 33 of the Federal Rules of Civil Procedure.

(2)     All answers to Interrogatories must be signed by the party except that, if circumstances prevent a party from signing responses to Interrogatories, the attorney may file the Interrogatories without the party's signature if an affidavit is filed simultaneously stating that properly executed responses to Interrogatories will be filed within twenty (20) days, unless time is extended by order of the Court.

(3)     In the event any question cannot be fully answered after the exercise of reasonable diligence, Defendant shall furnish as complete an answer as it can, and explain in detail the reason why it cannot give a full answer, and state what is needed to be done in order to be in a position to answer fully and estimate when he will be in that position.

(4)     These Interrogatories are deemed continuing so as to require supplemental answers if Defendant or any of its counsel obtain further information which will correct an answer previously given or change an answer previously given which is no longer true.

(5)     Each Interrogatory shall be set forth immediately prior to the answer thereto.

(6)     Answers to Interrogatories must be answered separately, signed, and verified by the person

2

making them; the answers must be delivered to the undersigned attorney of record for Plaintiff within thirty (30) days of service hereof.

(7)     The Interrogatories should be answered in the spaces provided to the extent possible.  If additional space is needed, please use additional sheets.

(8)     In answering the Interrogatories, furnish all information available to Defendant, including information in the possession of all of its attorneys and all persons acting in its behalf.

(9)     Objections - If any of these Interrogatories are objected for any grounds, provide the following information:

    (a)     A detailed statement of your objection;
    (b)     If the Interrogatory information is pursuant to a communication, provide the name, address, phone number and place of employment of all persons present at the time of such communication;
    (c)     If the Interrogatory information is pursuant to a communication, state the general subject matter of such communication;
    (d)     If the Interrogatory information is pursuant to a communication, state the date such communication was made, the name of the person to whom the communication was made, and the location where such communication was had.

(10)    If Defendant expects to call an expert witness whose name and the subject matter of said witness' testimony have not been previously disclosed in response to one of these Interrogatories, the answer must be supplemented and amended to include such information not less than (90) ninety days prior to trial, if not provided sooner.

(11)    The use of a particular gender in plural or singular and the words defined herein are intended to include appropriate gender or number as a test of any particular definition an Interrogatory may require.

## DEFINITIONS--INTERROGATORIES

As used in these Interrogatories, the following words and terms shall mean and include:

(1)     "PERSON" refers to natural persons, corporations, partnerships, sole proprietorships, associations, federations, or any kind of entity.

(2)     "DEFENDANT," "YOU," "YOUR," and "RHISD" refer to Defendant RHISD, and includes all of its officers, directors, attorneys, employees, agents, servants, predecessors-in-office, successors-in-office, and any person or entity acting in concert or on behalf of said Defendant, as well as any subsidiary or affiliate, now or in the past, whether specifically indicated or not.

3

(3)     "DOCUMENTATION" or "DOCUMENTS" includes, but is not limited to, the following items whether printed or recorded or reproduced by any other mechanical process or written or produced by hand:     agreements, communications, reports, charges, complaints, correspondence, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, schedules, charts, graphs, worksheets, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, and all other writings of whatever nature, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, audio and video tape recordings, disc, data sheet or data processing card, any marginal comments appearing on any document or thing or any other written, recorded, transcribed, filed or graphic master, however produced or reproduced, to which Defendant or its agents, representatives, or attorney(s) will have or have had access.

In the event that any item requested is unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or otherwise, please identify the nature of the information, the last known person to have possession of the documents or information, the circumstances involved, and the date of each event.

(4)     "IDENTIFY" or "IDENTITY OF" when referring:
　　(a)     to a person, means to state his or her full name and present or last known business or residential street address, city, state, and phone number;
　　(b)     to a public or private corporation, partnership, association, or other organization or to a governmental agency, means to state its full name and present or last known pertinent business street address, city, state, and phone number;
　　(c)     to a statement, means to identify who made it, who took or recorded it, and all others, if any present during the making thereof; to state when, where, and how it was taken or recorded; and to identify who has present or last known possession, custody, or control thereof;
　　(d)     to a document, means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present, or last known, possession, custody, or control thereof; and
　　(e)     to any other tangible thing, means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody, or control thereof.

(5)     "DESCRIBE IN COMPLETE DETAIL" and "STATE IN DETAIL" mean to give a complete and full description concerning the matter about which the inquiry is made, including to identify the person involved, along with dates, times, places, amounts, and other particulars that make the answer to the interrogatory fair and meaningful.

(6)     The terms "AND" and "OR" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside

4

its scope.

(7)     The term "TITLE IX" refers to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*

(8)     The term "TITLE IX REGULATIONS" refers to 34 C.F.R. Part 106 *et seq.*

(9)     The term "POLICY INTERPRETATION" refers to the policy interpretation of Title IX and its regulations found at 44 Fed. Reg. 71413 (1979).

(10)    The term "ATHLETIC EQUITY TRAINING" means any educational program offering information on compliance with Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* (Title IX) and 34 C.F.R. Part 106 *et seq.* (regulations interpreting Title IX), or understanding of the policy interpretation of Title IX and its regulations found at 44 Fed. Reg. 71413 (1979).

## **INTERROGATORIES**

Interrogatory No. 1:     Please identify by name, gender, coaching position, and address all persons who held coaching positions, either paid or unpaid, at Rio Hondo High School during the 1999-2000, 2000-2001, and 2001-2002 academic years.

RESPONSE:

Interrogatory No. 2:     Have you added any new coaching positions at Rio Hondo High School since the 1999-2000 academic year?  If so, please list below:

RESPONSE:          BOYS TEAMS                              GIRLS TEAMS

Interrogatory No. 3:     Please list in complete detail all sports offered to boys in the RHISD; including, the number of participants, the number of games played, budgetary expenditures (in dollars), and revenue produced (in dollars) by each sport during the 1999-2000 and 2000-2001 school years.

RESPONSE:

Interrogatory No. 4:     Please list in complete detail all sports offered to girls in RHISD; including, the number of participants, the number of games played, budgetary

expenditures (in dollars), and revenue produced (in dollars) by each sport during the 1999-2000 and 2000-2001 school years.

RESPONSE:

Interrogatory No. 5:   For every sport listed in Interrogatories No. 3 and 4 above, please list in complete detail the number of paid and unpaid/volunteer coaches in each sport and the total dollar amount expended in the form of stipends, if any, to each of these coaches. Please provide this information for each of the 1999-2000, 2000-2001, and 2001-2002 academic years.

RESPONSE:

Interrogatory No. 6:   For the coaches listed in Interrogatory No. 5, please provide in complete detail the salaries provided for each coach, including any stipends.

RESPONSE:

Interrogatory No. 7:   Please describe in complete detail how coaching stipends are determined. Explain specifically the process for determining the number of extra days each coach receives per season or academic year as part of his or her stipend.

RESPONSE:

Interrogatory No. 8:   When a coaching vacancy occurs, please describe in complete detail the process(es) utilized to employ a new coach.

RESPONSE:

Interrogatory No. 9:   Please state whether a coach at Rio Hondo High School must assume teaching duties in addition to his or her coaching duties.

RESPONSE:

6

Interrogatory No. 10: Please describe in complete detail any job training or orientation program for new coaches to familiarize them with RHISD and University Interscholastic League ("UIL") policies, including procedural matters, prohibited activities, guidelines, and grounds for reprimand and termination.

RESPONSE:

Interrogatory No. 11: Please state the name, address, and telephone number of the Title IX Compliance Officer(s) for the RHISD from January, 1999 to May, 2001. If this individual is not the current Title IX Compliance Officer in your district, please indicate this in your response and also provide the name, address, and telephone number of the Title IX Compliance Officer as of the date of answering these Interrogatories.

RESPONSE:

Interrogatory No. 12: Please describe in complete detail all steps RHISD has taken to assess and/or improve its Title IX compliance since May, 2001.

RESPONSE:

Interrogatory No. 13: Please describe in complete detail RHISD's policy regarding employees who file grievances pursuant to the Defendant district grievance policy. Specifically, please describe in complete detail the steps of the Defendant district's grievance process, including any appeals process in place and whether the complainant must be present at all hearings regarding their grievance.

RESPONSE:

Interrogatory No. 14: Please provide in complete detail the following information about recent complaints and/or lawsuits filed against Defendant RHISD regarding alleged gender discriminatory practices in hiring, termination, and salary.

        (a)       The number of complaints or lawsuits filed during the past 10 years;

     (b)     The number of employees involved in such complaints or lawsuits;

     (c)     The names, addresses, and home telephone numbers of the parties involved in the complaints and/or lawsuits;

     (d)     The date the complaints and/or lawsuits were filed;

     (e)     The court in which the cases were filed, and the docket numbers; and,

     (f)     The current status of the cases (i.e. settled, pending, dismissed, etc.)

RESPONSE:

**Interrogatory No. 15:** Of the number listed in Interrogatory No. 14 above, please provide the number of employees who subsequently left their jobs, either voluntarily or involuntarily.

RESPONSE:

**Interrogatory No. 16:** Please state the number of employees fired from Rio Hondo High School during the past five years. Break down this information by gender and position of fired employee.

RESPONSE:

**Interrogatory No. 17:** Please describe in complete detail RHISD's policy for hiring an Athletic Director, including the requirements for employment and whether the position is tied to another teaching/coaching position at Rio Hondo High School (i.e. must the Athletic Director also serve as the head football coach?). State also whether the position of Athletic Director has been vacant at Rio Hondo High School during the past ten years.

RESPONSE:

**Interrogatory No. 18:** Please identify all Athletic Directors by name, telephone number, and address at Rio Hondo High School over the past 10 years. Please identify which sport

each Athletic Director held a coaching position for, either as a head coach or otherwise.

RESPONSE:

Interrogatory No. 19: Please state in complete detail whether there is or has ever been the position of Girls' Athletic Coordinator at Rio Hondo High School.

      (a)    If so, please state the date the position was created and identify the name, telephone number, and address of any and all persons who have held the position during the past ten years.

      (b)    If not, please identify any students, coaches, and non-coaches, who have expressed interest in the creation of the position of Girls' Athletic Coordinator in the past ten years.

RESPONSE:

Interrogatory No. 20: Identify by name, telephone number, and address the individual(s) who replaced Plaintiff Julie Chancler as head coach for girls' varsity basketball, varsity track, and varsity volleyball at Rio Hondo High School.

RESPONSE:

Interrogatory No. 21: Please describe in complete detail any written or verbal warnings issued to the Plaintiff concerning her job performance or general behavior. Include the date(s) of such warnings.

RESPONSE:

Interrogatory No. 22: Identify the person or persons answering these Interrogatories by name, address, and position held in the Defendant RHISD.

RESPONSE:

9

## <u>VERIFICATION</u>

STATE OF TEXAS                          §
                                        §
COUNTY OF _____                   §


BEFORE ME, the undersigned authority, on this day personally appeared _____,

known to me to be the person whose signature is affixed below, and upon oath, stated that he/she

answered the foregoing Interrogatories in the capacity therein set out, with authority to do so, and

that such responses are true, correct, and complete to the best of his knowledge.


Signed on this the _____ day of _____, 2002.


_____
Signature

_____
Printed Name


SWORN TO and SUBSCRIBED before me on this the _____ day of _____,
2002.


_____
Notary Public in and for the
State of Texas


My Commission Expires: _____

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIE CHANCLER | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. B-01-207 |
| | § | |
| RIO HONDO INDEPENDENT SCHOOL | § | |
| DISTRICT, ROLANDO PEÑA, Rio Hondo ISD | § | |
| Superintendent, INA TAMEZ, Rio Hondo High | § | |
| School Principal, and DAVID ROBLEDO, Rio | § | |
| Hondo High School Athletic Director, in their | § | |
| individual and official capacities, | § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT DAVID ROBLEDO**

TO:   Defendant David Robledo, by and through his counsel of record, Eileen Leeds and Seth
Moore, Willette & Guerra, L.L.P., International Plaza, Ste. 460, 3505 Boca Chica Blvd.,
Brownsville, Texas 78521.

Pursuant to Federal Rule of Civil Procedure 33, Defendant David Robledo, RHISD Athletic

Director, is hereby requested to answer fully, separately, and under oath the following Interrogatories

within thirty (30) days after service.

Dated: July 17, 2002

Respectfully submitted,

James C. Harrington
State Bar No. 09048500
Andrea M. Gunn
State Bar No. 24027056

TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.
Austin, Texas 78702-1344
      (512) 474-5073 (telephone)
      (512) 474-0726 (facsimile)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was sent via certified mail, return receipt requested, to the following on the ⟋⟋th day of July, 2002:

Eileen Leeds/Seth Moore
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Andrea M. Gunn

## INSTRUCTIONS--INTERROGATORIES

Under the Federal Rules of Civil Procedure, Defendant is hereby requested to answer fully, factually, in writing, and under oath each of the separate Interrogatories hereafter set forth.

Defendant is instructed that:

(1)     All Interrogatories must be answered fully in writing in accordance with Rules 11 and 33 of the Federal Rules of Civil Procedure.

(2)     All answers to Interrogatories must be signed by the party except that, if circumstances prevent a party from signing responses to Interrogatories, the attorney may file the Interrogatories without the party's signature if an affidavit is filed simultaneously stating that properly executed responses to Interrogatories will be filed within twenty (20) days, unless time is extended by order of the Court.

(3)     In the event any question cannot be fully answered after the exercise of reasonable diligence, Defendant shall furnish as complete an answer as it can, and explain in detail the reason why it cannot give a full answer, and state what is needed to be done in order to be in a position to answer fully and estimate when he will be in that position.

(4)     These Interrogatories are deemed continuing so as to require supplemental answers if Defendant or any of its counsel obtain further information which will correct an answer previously given or change an answer previously given which is no longer true.

(5)     Each Interrogatory shall be set forth immediately prior to the answer thereto.

(6)     Answers to Interrogatories must be answered separately, signed, and verified by the person

2

making them; the answers must be delivered to the undersigned attorney of record for Plaintiff within thirty (30) days of service hereof.

(7)     The Interrogatories should be answered in the spaces provided to the extent possible. If additional space is needed, please use additional sheets.

(8)     In answering the Interrogatories, furnish all information available to Defendant, including information in the possession of all of its attorneys and all persons acting in its behalf.

(9)     Objections - If any of these Interrogatories are objected for any grounds, provide the following information:

        (a)    A detailed statement of your objection;

        (b)    If the Interrogatory information is pursuant to a communication, provide the name, address, phone number and place of employment of all persons present at the time of such communication;

        (c)    If the Interrogatory information is pursuant to a communication, state the general subject matter of such communication;

        (d)    If the Interrogatory information is pursuant to a communication, state the date such communication was made, the name of the person to whom the communication was made, and the location where such communication was had.

(10)    If Defendant expects to call an expert witness whose name and the subject matter of said witness' testimony have not been previously disclosed in response to one of these Interrogatories, the answer must be supplemented and amended to include such information not less than (90) ninety days prior to trial, if not provided sooner.

(11)    The use of a particular gender in plural or singular and the words defined herein are intended to include appropriate gender or number as a test of any particular definition an Interrogatory may require.

## DEFINITIONS--INTERROGATORIES

(1)     As used in these Interrogatories, the following words and terms shall mean and include: "PERSON" refers to natural persons, corporations, partnerships, sole proprietorships, associations, federations, or any kind of entity.

(2)     "DEFENDANT," "YOU," "YOUR," and "ROBLEDO" refer to Defendant David Robledo, and includes all attorneys, employees, agents, servants, predecessors-in-office, successors-in-office, and any person or entity acting in concert or on behalf of said Defendant.

(3)     "DOCUMENTATION" or "DOCUMENTS" includes, but is not limited to, the following items whether printed or recorded or reproduced by any other mechanical process or written

3

or produced by hand:   agreements, communications, reports, charges, complaints, correspondence, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, schedules, charts, graphs, worksheets, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, and all other writings of whatever nature, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, audio and video tape recordings, disc, data sheet or data processing card, any marginal comments appearing on any document or thing or any other written, recorded, transcribed, filed or graphic master, however produced or reproduced, to which Defendant will have or have had access.

In the event that any item requested is unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or otherwise, please identify the nature of the information, the last known person to have possession of the documents or information, the circumstances involved, and the date of each event.

(4)    "IDENTIFY" or "IDENTITY OF" when referring:
    (a)    to a person, means to state his or her full name and present or last known business or residential street address, city, state, and phone number;
    (b)    to a public or private corporation, partnership, association, or other organization or to a governmental agency, means to state its full name and present or last known pertinent business street address, city, state, and phone number;
    (c)    to a statement, means to identify who made it, who took or recorded it, and all others, if any present during the making thereof; to state when, where, and how it was taken or recorded; and to identify who has present or last known possession, custody, or control thereof;
    (d)    to a document, means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present, or last known, possession, custody, or control thereof; and
    (e)    to any other tangible thing, means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody, or control thereof.

(5)    "DESCRIBE IN DETAIL" and "STATE IN DETAIL" mean to give a complete and full description concerning the matter about which the inquiry is made, including to identify the person involved, along with dates, times, places, amounts, and other particulars that make the answer to the interrogatory fair and meaningful.

(6)    The terms "AND" and "OR" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

4

(7)    The term "TITLE IX" refers to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*

(8)    The term "TITLE IX REGULATIONS" refers to 34 C.F.R. Part 106 *et seq.*

(9)    The term "POLICY INTERPRETATION" refers to the policy interpretation of Title IX and its regulations found at 44 Fed. Reg. 71413 (1979).

(10)    The term "ATHLETIC EQUITY TRAINING" means any educational program offering information on compliance with Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* (Title IX) and 34 C.F.R. Part 106 *et seq.* (regulations interpreting Title IX), or understanding of the policy interpretation of Title IX and its regulations found at 44 Fed. Reg. 71413 (1979).

## **INTERROGATORIES**

<u>Interrogatory No. 1:</u>    Please describe in complete detail your job duties as Athletic Director of Rio Hondo High School.

<u>RESPONSE:</u>


<u>Interrogatory No. 2:</u>    Describe in complete detail any and all meetings you had with Plaintiff Julie Chancler regarding her job performance during the period of her employment at Rio Hondo High School.

<u>RESPONSE:</u>


<u>Interrogatory No. 3:</u>    Please describe in complete detail any and all meetings you have had with Defendant Ina Tamez regarding Plaintiff Julie Chancler's job performance. Please state the date and location of all such meetings, as well as the topics discussed.

<u>RESPONSE:</u>


<u>Interrogatory No. 4:</u>    Please describe in complete detail any and all meetings you have had with Defendant RHISD employees other than Defendant Ina Tamez regarding Plaintiff Julie Chancler's job performance. Please state the date and location of all such meetings, and identify by name, address, and position the

5

individuals you met with, as well as the topics discussed.

RESPONSE:

Interrogatory No. 5:    Please describe in detail any and all written or verbal reprimands issued by you to Plaintiff Julie Chancler during the period of her employment at Rio Hondo High School.

RESPONSE:

Interrogatory No. 6:    Please state whether you have at any time during the past five years recommended creating the position of Girls' Athletic Coordinator on the Rio Hondo High School campus? If so, please identify any and all persons you have considered for the position. If not, please state in complete detail your reasons for not recommending this position.

RESPONSE:

Interrogatory No. 7:    Please describe in complete detail your policy for handling University Interscholastic League ("UIL") and RHISD athletics policy violations committed by coaches during the course of their employment with the Defendant district.

RESPONSE:

Interrogatory No. 8:    Please state whether during your tenure as Athletic Director at Rio Hondo High School any coaches have been terminated for allegedly playing a student who was ineligible to participate in athletics because of grades. If so, please state the number of individuals terminated, the year(s) terminated, and the individuals' positions in the Defendant district.

RESPONSE:

Interrogatory No. 9:    Please state whether during your tenure as Athletic Director at Rio Hondo

6

High School any coaches have been terminated for allegedly videotaping district games in which Rio Hondo High School was not a participant. If so, please state the number of individuals terminated, the year(s) terminated, and the individuals' positions in the Defendant district.

RESPONSE:

Interrogatory No. 10: Please state whether during your tenure as Athletic Director at Rio Hondo High School any coaches have been terminated for allegedly submitting late entry forms for participation in a district game, meet, or tournament. If so, please state the number of individuals terminated, the year(s) terminated, and the individuals' positions in the Defendant district.

RESPONSE:

Interrogatory No. 11: Please state whether during your tenure as Athletic Director at Rio Hondo High School any coaches have been terminated for alleged confrontations with players or the parents of players. If so, please state the number of individuals terminated, the year(s) terminated, and the individuals' positions in the Defendant district.

RESPONSE:

Interrogatory No. 12: Please state whether Rio Hondo High School coaches are provided with manuals detailing UIL and/or RHISD policies and procedures. If so, please state the frequency with which these manuals are updated and distributed (monthly, annually, etc).

RESPONSE:

Interrogatory No. 13: Please detail your efforts to monitor Defendant RHISD coaches' compliance with UIL and/or RHISD policies and procedures concerning athletics. More specifically, please state whether you provide the following:

    (a)    Entrance orientation for new coaches on UIL and RHISD policies and procedures;

    (b)    Periodic updates on UIL and RHISD policies and procedures; and/or

       (c)     Regular meetings (weekly or monthly) with your coaching staff, individually or as a group, to address athletics issues.

RESPONSE:

Interrogatory No. 14: Please describe in complete detail whether any athletic equity training has been provided to coaches at Rio Hondo High School during the past five years. If so, please indicate the dates such training(s) were provided, number of Defendant RHISD coaches attending such training(s), and the cost of such training(s).

RESPONSE:

Interrogatory No. 15: Please describe in complete detail any athletic equity training you have received in the past five years. Please state whether such training was a required part of your job.

RESPONSE:

## VERIFICATION

STATE OF TEXAS                          §
                                        §
COUNTY OF _____                §


BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose signature is affixed below, and upon oath, stated that he/she answered the foregoing Interrogatories in the capacity therein set out, with authority to do so, and that such responses are true, correct, and complete to the best of his knowledge.


Signed on this the _____ day of _____, 2002.


_____
Signature


_____
Printed Name


SWORN TO and SUBSCRIBED before me on this the _____ day of _____, 2002.


_____
Notary Public in and for the
State of Texas


My Commission Expires: _____

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIE CHANCLER | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. B-01-207 |
| | § | |
| RIO HONDO INDEPENDENT SCHOOL | § | |
| DISTRICT, ROLANDO PEÑA, Rio Hondo ISD | § | |
| Superintendent, INA TAMEZ, Rio Hondo High | § | |
| School Principal, and DAVID ROBLEDO, Rio | § | |
| Hondo High School Athletic Director, in their | § | |
| individual and official capacities, | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT INA TAMEZ

TO:    Defendant Ina Tamez, by and through her counsel of record, Eileen Leeds and Seth Moore, Willette & Guerra, L.L.P., International Plaza, Ste. 460, 3505 Boca Chica Blvd., Brownsville, Texas 78521.

Pursuant to Federal Rule of Civil Procedure 33, Defendant Ina Tamez, Rio Hondo High School Principal, is hereby requested to answer fully, separately, and under oath the following Interrogatories within thirty (30) days after service.

Dated: July 1⁷, 2002

Respectfully submitted,

James C. Harrington
State Bar No. 09048500
Andrea M. Gunn
State Bar No. 24027056

TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.
Austin, Texas 78702-1344
    (512) 474-5073 (telephone)
    (512) 474-0726 (facsimile)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was sent via certified mail, return receipt requested, to the following on the 12th day of July, 2002:

Eileen Leeds/Seth Moore
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

_____
Andrea M. Gunn

## INSTRUCTIONS--INTERROGATORIES

Under the Federal Rules of Civil Procedure, Defendant is hereby requested to answer fully,

factually, in writing, and under oath each of the separate Interrogatories hereafter set forth.

Defendant is instructed that:

(1)    All Interrogatories must be answered fully in writing in accordance with Rules 11 and 33 of the Federal Rules of Civil Procedure.

(2)    All answers to Interrogatories must be signed by the party except that, if circumstances prevent a party from signing responses to Interrogatories, the attorney may file the Interrogatories without the party's signature if an affidavit is filed simultaneously stating that properly executed responses to Interrogatories will be filed within twenty (20) days, unless time is extended by order of the Court.

(3)    In the event any question cannot be fully answered after the exercise of reasonable diligence, Defendant shall furnish as complete an answer as it can, and explain in detail the reason why it cannot give a full answer, and state what is needed to be done in order to be in a position to answer fully and estimate when he will be in that position.

(4)    These Interrogatories are deemed continuing so as to require supplemental answers if Defendant or any of its counsel obtain further information which will correct an answer previously given or change an answer previously given which is no longer true.

(5)    Each Interrogatory shall be set forth immediately prior to the answer thereto.

(6)    Answers to Interrogatories must be answered separately, signed, and verified by the person

2

making them; the answers must be delivered to the undersigned attorney of record for Plaintiff within thirty (30) days of service hereof.

(7)     The Interrogatories should be answered in the spaces provided to the extent possible. If additional space is needed, please use additional sheets.

(8)     In answering the Interrogatories, furnish all information available to Defendant, including information in the possession of all of its attorneys and all persons acting in its behalf.

(9)     Objections - If any of these Interrogatories are objected for any grounds, provide the following information:

(a)     A detailed statement of your objection;

(b)     If the Interrogatory information is pursuant to a communication, provide the name, address, phone number and place of employment of all persons present at the time of such communication;

(c)     If the Interrogatory information is pursuant to a communication, state the general subject matter of such communication;

(d)     If the Interrogatory information is pursuant to a communication, state the date such communication was made, the name of the person to whom the communication was made, and the location where such communication was had.

(10)    If Defendant expects to call an expert witness whose name and the subject matter of said witness' testimony have not been previously disclosed in response to one of these Interrogatories, the answer must be supplemented and amended to include such information not less than (90) ninety days prior to trial, if not provided sooner.

(11)    The use of a particular gender in plural or singular and the words defined herein are intended to include appropriate gender or number as a test of any particular definition an Interrogatory may require.

### DEFINITIONS--INTERROGATORIES

As used in these Interrogatories, the following words and terms shall mean and include:

(1)     "PERSON" refers to natural persons, corporations, partnerships, sole proprietorships, associations, federations, or any kind of entity.

(2)     "DEFENDANT," "YOU," "YOUR," and "TAMEZ" refer to Defendant Ina Tamez, and includes attorneys, employees, agents, servants, predecessors-in-office, successors-in-office, and any person or entity acting in concert or on behalf of said Defendant.

(3)     "DOCUMENTATION" or "DOCUMENTS" includes, but is not limited to, the following items whether printed or recorded or reproduced by any other mechanical process or written or produced by hand:    agreements, communications, reports, charges, complaints,

3

correspondence, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, schedules, charts, graphs, worksheets, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, and all other writings of whatever nature, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, audio and video tape recordings, disc, data sheet or data processing card, any marginal comments appearing on any document or thing or any other written, recorded, transcribed, filed or graphic master, however produced or reproduced, to which Defendant or its agents, representatives, or attorney(s) will have or have had access.

In the event that any item requested is unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or otherwise, please identify the nature of the information, the last known person to have possession of the documents or information, the circumstances involved, and the date of each event.

(4)   "IDENTIFY" or "IDENTITY OF" when referring:
- (a)   to a person, means to state his or her full name and present or last known business or residential street address, city, state, and phone number;
- (b)   to a public or private corporation, partnership, association, or other organization or to a governmental agency, means to state its full name and present or last known pertinent business street address, city, state, and phone number;
- (c)   to a statement, means to identify who made it, who took or recorded it, and all others, if any present during the making thereof; to state when, where, and how it was taken or recorded; and to identify who has present or last known possession, custody, or control thereof;
- (d)   to a document, means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present, or last known, possession, custody, or control thereof; and
- (e)   to any other tangible thing, means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody, or control thereof.

(5)   "DESCRIBE IN DETAIL" and "STATE IN DETAIL" mean to give a complete and full description concerning the matter about which the inquiry is made, including to identify the person involved, along with dates, times, places, amounts, and other particulars that make the answer to the interrogatory fair and meaningful.

(6)   The terms "AND" and "OR" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

(7)   The term "TITLE IX" refers to Title IX of the Education Amendments of 1972, 20 U.S.C.

4

§ 1681 *et seq.*

(8)     The term "TITLE IX REGULATIONS" refers to 34 C.F.R. Part 106 *et seq.*

(9)     The term "POLICY INTERPRETATION" refers to the policy interpretation of Title IX and its regulations found at 44 Fed. Reg. 71413 (1979).

(10)    The term "ATHLETIC EQUITY TRAINING" means any educational program offering information on compliance with Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* (Title IX) and 34 C.F.R. Part 106 *et seq.* (regulations interpreting Title IX), or understanding of the policy interpretation of Title IX and its regulations found at 44 Fed. Reg. 71413 (1979).

## INTERROGATORIES

Interrogatory No. 1:    Please describe in complete detail Rio Hondo High School's (RHHS) policy regarding employees who file grievances with RHISD against RHHS administrators and/or employees.

RESPONSE:

Interrogatory No. 2:    Please describe in complete detail RHISD's policies and procedures for hiring and terminating employees.

RESPONSE:

Interrogatory No. 3:    Please describe in complete detail any job training or orientation program for coaches to familiarize them with campus, district, and University Interscholastic League ("UIL") policies and procedures.

RESPONSE:

Interrogatory No. 4:    Please describe in complete detail any athletic equity training RHHS coaches receive.

RESPONSE:

5

Interrogatory No. 5:   Please identify by name, telephone number, address, and coaching position all RHHS coaches who have attended coaches' training classes, camps, clinics, or conventions since June, 1999. Please state in detail the names of the classes, camps, clinics, or conventions, their primary purposes, the costs of attendance - including registration, room and board, and traveling expenses, and whether RHHS or RHISD covered any or all of the costs of attendance.

RESPONSE:

Interrogatory No. 6:   In percentages, what is the overall gender composition of the RHHS student body?

RESPONSE:          %   Boys  _____          %   Girls  _____

Interrogatory No. 7:   In percentages, what is the overall gender composition of the RHHS student athletes?

RESPONSE:          %   Boys  _____          %   Girls  _____

Interrogatory No. 8:   In percentages, what is the overall gender composition of the RHHS coaching staff?

RESPONSE:          %   Men  _____          %   Women  _____

Interrogatory No. 9:   Have you added any new coaching positions at RHHS since the 2000-2001 academic year? If so, please list below:

RESPONSE:          BOYS TEAMS                    GIRLS TEAMS

Interrogatory No. 10:  Please state in complete detail the circumstances leading up to the release of Plaintiff Julie Chancler from all coaching duties.

RESPONSE:

6

Interrogatory No. 11: Please state whether during your tenure as Principal at Rio Hondo High School any coaches have been terminated for allegedly playing a student who was ineligible to participate in athletics because of grades. If so, please state the number of individuals terminated, the year(s) terminated, and the individuals' positions in the Defendant district.

RESPONSE:

Interrogatory No. 12: Please state whether during your tenure as principal at Rio Hondo High School any coaches have been terminated for allegedly videotaping district games in which Rio Hondo High School was not a participant. If so, please state the number of individuals terminated, the year(s) terminated, and the individuals' positions in the Defendant district.

RESPONSE:

Interrogatory No. 13: Please state whether during your tenure as principal at Rio Hondo High School any coaches have been terminated for allegedly submitting late entry forms for participation in a district game, meet, or tournament. If so, please state the number of individuals terminated, the year(s) terminated, and the individuals' positions in the Defendant district.

RESPONSE:

Interrogatory No. 14 Please state whether during your tenure as principal at Rio Hondo High School any coaches have been terminated for alleged confrontations with players or the parents of players. If so, please state the number of individuals terminated, the year(s) terminated, and the individuals' positions in the Defendant district.

RESPONSE:

Interrogatory No. 15: Please state whether RHHS coaches are provided with manuals detailing UIL and/or RHISD policies and procedures. If so, please state the frequency with which these manuals are updated and distributed (monthly, annually, etc) and

your role in creating such manuals.

RESPONSE:

Interrogatory No. 16: Please describe in complete detail any training you have received regarding Title IX compliance and/or gender equity in athletics. Please state whether such training was a required part of your job.

RESPONSE:

## **VERIFICATION**

STATE OF TEXAS                              §
                                           §
COUNTY OF _____                   §

      BEFORE ME, the undersigned authority, on this day personally appeared _____,

known to me to be the person whose signature is affixed below, and upon oath, stated that she

answered the foregoing Interrogatories in the capacity therein set out, with authority to do so, and

that such responses are true, correct, and complete to the best of her knowledge.

      Signed on this the _____ day of _____, 2002.


                                        _____

                                        Signature

                                        _____

                                        Printed Name

      SWORN TO and SUBSCRIBED before me on this the _____ day of _____,
2002.


                                          _____

                                        Notary Public in and for the
                                        State of Texas

                                        My Commission Expires: _____

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIE CHANCLER | § | |
| Plaintiff, | § | |
| | § | Civil Action No. B-01-207 |
| v. | § | |
| | § | |
| RIO HONDO INDEPENDENT SCHOOL | § | |
| DISTRICT, ROLANDO PEÑA, Rio Hondo ISD | § | |
| Superintendent, INA TAMEZ. Rio Hondo High | § | |
| School Principal, and DAVID ROBLEDO, Rio | § | |
| Hondo High School Athletic Director, in their | § | |
| individual and official capacities, | § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION FROM
DEFENDANT RIO HONDO INDEPENDENT SCHOOL DISTRICT**

To:    Defendant Rio Hondo Independent School District, by and through its counsel of record,
       Eileen Leeds and Seth Moore, Willette & Guerra, L.L.P., International Plaza, Ste. 460, 3505
       Boca Chica Blvd., Brownsville, Texas 78521.

       Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff hereby serves

upon Defendant Rio Hondo Independent School District ("RHISD") the following Requests for

Admission. The responses to these requests shall be provided within thirty (30) days from the date

of service, by delivering your responses to counsel for Plaintiff, Andrea M. Gunn, Texas Civil Rights

Project, 2212 E. Martin Luther King Blvd., Austin, Texas 78702-1344.

Dated: July 1̲2̲, 2002

Respectfully submitted,

James C. Harrington
State Bar No. 09048500
Andrea M. Gunn
State Bar No. 24027056

TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.
Austin, Texas 78702-1344
   (512) 474-5073 (telephone)

(512) 474-0726 (facsimile)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was sent via certified mail, return receipt requested, to the following on the ١ ٢ day of July, 2002.

Eileen Leeds/Seth Moore
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Andrea M. Gunn

## INSTRUCTIONS -- REQUESTS FOR ADMISSION

(1)   Requests for Admission will be deemed admitted unless, within thirty days after service of these requests, Defendant serves upon Plaintiff's counsel a written answer or objection addressed to each request. Defendant's response to these requests must be signed by Defendant or Defendant's attorney. If objection is made to any of the Requests for Admission, the reasons for each shall be stated.

(2)   You have an ongoing duty to supplement your responses to these requests with subsequent information in accord with Fed. R. Civ. P. 26(e).

(3)   Each answer shall admit or specifically deny the truth of the matter about which an admission is requested, or set forth in detail the reasons why Defendant cannot truthfully admit or deny the truth of the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires the Defendant to qualify the answer or deny only a part of the matter, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that after reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable him to admit or deny. Fed. R. Civ. P. 36(a).

2

## DEFINITIONS -- REQUESTS FOR ADMISSION

As used in these Requests for Admission, the following words and terms shall have the following meanings:

(1)    "DEFENDANT," "YOU," "YOUR," and "RHISD" refer to Defendant Rio Hondo Independent School District, and includes all of its officers, directors, attorneys, employees, agents, servants, predecessors-in-office, successors-in-office, and any person or entity acting in concert or on behalf of said Defendant, as well as any subsidiary or affiliate, now or in the past, whether specifically indicated or not.

(2)    "DOCUMENTATION" or "DOCUMENTS" includes, but is not limited to, the following items whether printed or recorded or reproduced by any other mechanical process or written or produced by hand: agreements, communications, reports, charges, complaints, correspondence, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, schedules, charts, graphs, worksheets, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or reports or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, and all other writings of whatever nature, photographs, motion picture film, video recordings, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, tape recordings, disc, data sheet or data processing card, any marginal comments appearing on any document or thing or any other written, recorded, transcribed, filed or graphic master, however produced or reproduced, to which Defendant or its agents, representatives, or attorney(s) will have or have had access.
In the event that any item requested is unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or otherwise, please identify the nature of the information, the last known person to have possession of the documents or information, the reasons such documents are not available, and the date the document was lost or destroyed.

(3)    The terms "AND" and "OR" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

(4)    The term "TITLE IX" refers to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*

(5)    The term "TITLE IX REGULATIONS" refers to 34 C.F.R. Part 106 *et seq.*

(6)    The term "POLICY INTERPRETATION" refers to the policy interpretation of Title IX and its regulations found at 44 Fed. Reg. 71413 (1979).

(7)    The term "ATHLETIC EQUITY TRAINING" means any educational program offering information on compliance with Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* (Title IX) and 34 C.F.R. Part 106 *et seq.* (regulations interpreting Title IX),

or understanding of the policy interpretation of Title IX and its regulations found at 44 Fed. Reg. 71413 (1979).

## REQUESTS FOR ADMISSION

1.    Admit that Defendant RHISD is a school district that receives federal funding.

Admitted:____              Denied:____

Explanation or Qualification:


2.    Admit that at all times relevant to this lawsuit, you have been aware that Title IX prohibits Defendant RHISD from discriminating on the basis of sex.

Admitted: ____             Denied: ____

Explanation or Qualification:


3.    Admit that female coaches have historically been, and continue to be, underrepresented in Defendant RHISD's interscholastic and other school-sponsored athletic programs.

Admitted: ____             Denied: ____

Explanation or Qualification:


4.    Admit that Defendant RHISD has not, and continues not to, provide equitable professional development opportunities for its female coaches as it does for its male coaches.

Admitted: ____             Denied: ____

Explanation or Qualification:


5.    Admit that from August 1, 1997 to the present, Defendant RHISD has not offered Title IX athletic equity training for RHISD coaches.

Admitted: ____             Denied: ____

Explanation or Qualification:

6.    Admit that since August 1, 1992, RHISD coaches of girls' sports teams at Rio Hondo High School ("RHHS") have had less expertise than the coaches of the boys' sports teams at the same levels.

Admitted: ____        Denied: ____

Explanation or Qualification:

7.    Admit that since August 1, 1992, Defendant RHISD has compensated coaches for the girls' and boys' teams in a manner which discriminates against female and male coaches of girls' sports teams.

Admitted: ____        Denied: ____

Explanation or Qualification:

8.    Admit that Plaintiff Julie Chancler had fewer assistant coaches than the coaches of boys' sports teams at RHHS between August 1, 1999 and February 16, 2001.

Admitted: ____        Denied: ____

Explanation or Qualification:

9.    Admit that Plaintiff Julie Chancler held more coaching responsibilities than did the head coaches of RHISD boys' sports teams between August 1, 1999 and May 31, 2001.

Admitted: ____        Denied: ____

Explanation or Qualification:

10.    Admit that Defendant RHISD denied Plaintiff Julie Chancler the opportunity to be present at her Level 3 grievance hearing on June 7, 2001.

Admitted: _____          Denied: _____

Explanation or Qualification:

11.    Admit that Defendant RHISD, through Defendant Rio Hondo High School Principal Ina
       Tamez and Defendant Rio Hondo High School Athletic Director David Robledo, relieved
       Plaintiff Julie Chancler of her RHHS coaching duties as of February 16, 2001.

       Admitted: _____          Denied: _____

       Explanation or Qualification:

12.    Admit that Defendant RHISD, through Defendant Rio Hondo High School Principal Ina
       Tamez and Defendant Rio Hondo High School Athletic Director David Robledo, reassigned
       Plaintiff Julie Chancler to the RHISD Middle School as of March 8, 2001.

       Admitted: _____          Denied: _____

       Explanation or Qualification:

13.    Admit that Plaintiff Julie Chancler received a favorable personnel appraisal and/or evaluation
       from Defendant RHISD shortly before she was relieved of all coaching duties.

       Admitted: _____          Denied: _____

       Explanation or Qualification:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIE CHANCLER | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. B-01-207 |
| | § | |
| RIO HONDO INDEPENDENT SCHOOL | § | |
| DISTRICT, ROLANDO PEÑA, Rio Hondo ISD | § | |
| Superintendent, INA TAMEZ, Rio Hondo High | § | |
| School Principal, and DAVID ROBLEDO, Rio | § | |
| Hondo High School Athletic Director, in their | § | |
| individual and official capacities, | § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
FROM DEFENDANT DAVID ROBLEDO**

To:     Defendant David Robledo, by and through his counsel of record, Eileen Leeds and Seth
Moore, Willette & Guerra, L.L.P., International Plaza, Ste. 460, 3505 Boca Chica Blvd.,
Brownsville, Texas 78521.

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff hereby serves

upon Defendant David Robledo, RHISD Athletic Director, the following Requests for Admission.

The responses to these requests shall be provided within thirty (30) days from the date of service,

by delivering your responses to counsel for Plaintiff, Andrea M. Gunn, Texas Civil Rights Project,

2212 E. Martin Luther King Blvd., Austin, Texas 78702-1344.

Dated: July 12, 2002

Respectfully submitted,

James C. Harrington
State Bar No. 09048500
Andrea M. Gunn
State Bar No. 24027056

TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.
Austin, Texas 78702-1344
    (512) 474-5073 (telephone)

(512) 474-0726 (facsimile)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was sent via certified mail, return receipt requested, to the following on the 12 day of July, 2002:

Eileen Leeds/Seth Moore
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Andrea M. Gunn

## INSTRUCTIONS -- REQUESTS FOR ADMISSION

(1)     Requests for Admission will be deemed admitted unless, within thirty days after service of these requests, Defendant serves upon Plaintiff's counsel a written answer or objection addressed to each request. Defendants' response to these requests must be signed by Defendant or Defendant's attorney. If objection is made to any of the Requests for Admission, the reasons for each shall be stated.

(2)     You have an ongoing duty to supplement your responses to these requests with subsequent information in accord with Fed. R. Civ. P. 26(e).

(3)     Each answer shall admit or specifically deny the truth of the matter about which an admission is requested, or set forth in detail the reasons why Defendant cannot truthfully admit or deny the truth of the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires the Defendant to qualify the answer or deny only a part of the matter, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that after reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable him to admit or deny. Fed. R. Civ. P. 36(a).

## DEFINITIONS -- REQUESTS FOR ADMISSION

As used in these Requests for Admission, the following words and terms shall have the following meanings:

(1)     "DEFENDANT," "YOU," "YOUR, and "ROBLEDO," refer to Defendant David Robledo, whether specifically indicated or not.

(2)     "DOCUMENTATION" or "DOCUMENTS" includes, but is not limited to, the following items whether printed or recorded or reproduced by any other mechanical process or written or produced by hand: agreements, communications, reports, charges, complaints, correspondence, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, schedules, charts, graphs, worksheets, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or reports or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, and all other writings of whatever nature, photographs, motion picture film, video recordings, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, tape recordings, disc, data sheet or data processing card, any marginal comments appearing on any document or thing or any other written, recorded, transcribed, filed or graphic master, however produced or reproduced, to which Defendant or its agents, representatives, or attorney(s) will have or have had access.

In the event that any item requested is unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or otherwise, please identify the nature of the information, the last known person to have possession of the documents or information, the reasons such documents are not available, and the date the document was lost or destroyed.

(3)     The terms "AND" and "OR" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

(4)     The term "TITLE IX" refers to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*

(5)     The term "TITLE IX REGULATIONS" refers to 34 C.F.R. Part 106 *et seq.*

(6)     The term "POLICY INTERPRETATION" refers to the policy interpretation of Title IX and its regulations found at 44 Fed. Reg. 71413 (1979).

(7)     The term "ATHLETIC EQUITY TRAINING" means any educational program offering information on compliance with Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* (Title IX) and 34 C.F.R. Part 106 *et seq.* (regulations interpreting Title IX), or understanding of the policy interpretation of Title IX and its regulations found at 44 Fed. Reg. 71413 (1979).

## REQUESTS FOR ADMISSION

1.  Admit that Rio Hondo High School ("RHHS") is a public secondary school in RHISD, and, as such, receives federal funding.

    Admitted:_____          Denied: _____

    Explanation or Qualification:


2.  Admit that coaches at RHHS receive annual assessments and/or evaluations of their job performance.

    Admitted:_____          Denied:_____

    Explanation or Qualification:


3.  Admit that as RHISD Athletic Director, you are directly involved in the hiring process for new coaches.

    Admitted:_____          Denied:_____

    Explanation or Qualification:


4.  Admit that as athletic director for Rio Hondo High School, you are responsible for ensuring that your coaching staff complies with all RHISD and University Interscholastic League ("UIL") guidelines.

    Admitted:_____          Denied:_____

    Explanation or Qualification:


5.  Admit that Abbey Lopez coached the girls' junior varsity basketball team until November 2000.

    Admitted:_____          Denied:_____

    Explanation or Qualification:

6.    Admit that Plaintiff Julie Chancler expressed to you the concerns she had about Abby Lopez's and her competence as a coach at RHHS.

Admitted:____        Denied:____

Explanation or Qualification:


7.    Admit that Plaintiff Julie Chancler took over the girls' junior varsity basketball team when Abbey Lopez left RHHS in November, 2000.

Admitted:____        Denied:____

Explanation or Qualification:


8.    Admit that Marissa Cruz took over as the girls' junior varsity basketball coach in December, 2000.

Admitted:____        Denied:____

Explanation or Qualification:


9.    Admit that Marissa Cruz had no prior experience coaching girls' basketball prior to her employment with RHHS.

Admitted:____        Denied:____

Explanation or Qualification:


10.   Admit that Plaintiff Julie Chancler expressed to you concerns about Marissa Cruz's ability to coach the girls' junior varsity basketball team.

Admitted:____        Denied:____

Explanation or Qualification:

11.    Admit that your failure to assist Plaintiff Julie Chancler in obtaining the proper track meet entry forms for the girls' varsity 800-meter runners and 100-meter hurdlers resulted in their late acceptance into the UIL district "Meet of Champs."

Admitted:____          Denied:____

Explanation or Qualification:


12.    Admit that in April, 2000, you were a candidate for the position of Athletic Director at Harlingen South High School.

Admitted: ____          Denied: ____

Explanation or Qualification:


13.    Admit that Plaintiff Julie Chancler approached you on more than one occasion about obtaining the proper entry forms for the "Meet of Champs" prior to their deadline for submission.

Admitted: ____          Denied: ____

Explanation or Qualification:


14.    Admit that Plaintiff Julie Chancler has approached you on more than one occasion to address gender inequities in the RHHS athletics programs.

Admitted: ____          Denied: ____

Explanation or Qualification:


15.    Admit that you offered to Plaintiff Julie Chancler the position of Girls Athletic Coordinator for the 2001-2002 academic year.

Admitted:____          Denied:____

Explanation or Qualification:

6

16.    Admit that the 2000-2001 Texas High School Coaches Directory listed Plaintiff Julie Chancler as the RHHS Girls' Athletic Coordinator for the 2000-2001 academic year.

Admitted:____            Denied:____

Explanation or Qualification:

17.    Admit that you revoked the Girls' Athletic Coordinator position from Plaintiff Julie Chancler.

Admitted:____            Denied:____

Explanation or Qualification:

18.    Admit that the RHISD has consistently refused to create a Girls' Athletic Coordinator position for the RHHS campus.

Admitted: ____            Denied: ____

Explanation or Qualification:

19.    Admit that you told Plaintiff Julie Chancler on one occasion that the male coaches are paid more than the female coaches in the RHISD, but declined to divulge salaries.

Admitted: ____            Denied: ____

Explanation or Qualification:

20.    Admit that RHHS coaches, other than Plaintiff Julie Chancler, have allegedly videotaped district games in which RHHS was not a participant in the past five years.

Admitted: ____            Denied: ____

Explanation or Qualification:

21.    Admit that RHHS coaches, other than Plaintiff Julie Chancler, have allegedly turned in late entry forms for district meets in the past five years.

Admitted: ____            Denied: ____

Explanation or Qualification:


22.    Admit that RHHS coaches, other than Plaintiff Julie Chancler, have allegedly played an ineligible student in the past five years.

Admitted: ____            Denied: ____

Explanation or Qualification:


23.    Admit that RHHS coaches, other than Plaintiff Julie Chancler, have allegedly had confrontations with players or the parents of players in the past five years.

Admitted: ____            Denied: ____

Explanation or Qualification:


8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIE CHANCLER | § | |
| Plaintiff, | § | |
| | § | Civil Action No. B-01-207 |
| v. | § | |
| | § | |
| RIO HONDO INDEPENDENT SCHOOL | § | |
| DISTRICT, ROLANDO PEÑA, Rio Hondo ISD | § | |
| Superintendent, INA TAMEZ, Rio Hondo High | § | |
| School Principal, and DAVID ROBLEDO, Rio | § | |
| Hondo High School Athletic Director, in their | § | |
| individual and official capacities, | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
## FROM DEFENDANT INA TAMEZ

To:     Defendant Ina Tamez, by and through her counsel of record, Eileen Leeds and Seth Moore,
Willette & Guerra, L.L.P., International Plaza, Ste. 460, 3505 Boca Chica Blvd.,
Brownsville, Texas 78521.

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff hereby serves

upon Defendant Ina Tamez the following Requests for Admission. The responses to these requests

shall be provided within thirty (30) days from the date of service, by delivering your responses to

counsel for Plaintiff, Andrea M, Gunn, Texas Civil Rights Project, 2212 E. Martin Luther King

Blvd., Austin, Texas 78702-1344.

Dated: July 1½, 2002

Respectfully submitted,

James C. Harrington
State Bar No. 09048500
Andrea M. Gunn
State Bar No. 24027056

TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.
Austin, Texas 78702-1344
   (512) 474-5073 (telephone)

(512) 474-0726 (facsimile)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was sent via certified mail, return receipt requested, to the following on the 12 day of July, 2002:

Eileen Leeds/Seth Moore
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Andrea M. Gunn

## INSTRUCTIONS -- REQUESTS FOR ADMISSION

(1)    Requests for Admission will be deemed admitted unless, within thirty days after service of these requests, Defendant serves upon Plaintiff counsel a written answer or objection addressed to each request. Defendant's response to these requests must be signed by Defendant or Defendant's attorney. If objection is made to any of the Requests for Admission, the reasons for each shall be stated.

(2)    You have an ongoing duty to supplement your responses to these requests with subsequent information in accord with Fed. R. Civ. P. 26(e).

(3)    Each answer shall admit or specifically deny the truth of the matter about which an admission is requested, or set forth in detail the reasons why Defendant cannot truthfully admit or deny the truth of the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires the Defendant to qualify the answer or deny only a part of the matter, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that after reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable him to admit or deny. Fed. R. Civ. P. 36(a).

2

## DEFINITIONS – REQUESTS FOR ADMISSION

As used in these Requests for Admission, the following words and terms shall have the following meanings:

(1)     "DEFENDANT," "YOU," "YOUR, " and "TAMEZ" refer to Defendant Ina Tamez, whether specifically indicated or not.

(2)     "DOCUMENTATION" or "DOCUMENTS" includes, but is not limited to, the following items whether printed or recorded or reproduced by any other mechanical process or written or produced by hand: agreements, communications, reports, charges, complaints, correspondence, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, schedules, charts, graphs, worksheets, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or reports or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, and all other writings of whatever nature, photographs, motion picture film, video recordings, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, tape recordings, disc, data sheet or data processing card, any marginal comments appearing on any document or thing or any other written, recorded, transcribed, filed or graphic master, however produced or reproduced, to which Defendant or its agents, representatives, or attorney(s) will have or have had access.

In the event that any item requested is unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or otherwise, please identify the nature of the information, the last known person to have possession of the documents or information, the reasons such documents are not available, and the date the document was lost or destroyed.

(3)     The terms "AND" and "OR" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

(4)     The term "TITLE IX" refers to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*

(5)     The term "TITLE IX REGULATIONS" refers to 34 C.F.R. Part 106 *et seq.*

(6)     The term "POLICY INTERPRETATION" refers to the policy interpretation of Title IX and its regulations found at 44 Fed. Reg. 71413 (1979).

(7)     The term "ATHLETIC EQUITY TRAINING" means any educational program offering information on compliance with Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* (Title IX) and 34 C.F.R. Part 106 *et seq.* (regulations interpreting Title IX), or understanding of the policy interpretation of Title IX and its regulations found at 44 Fed. Reg. 71413 (1979).

3

## REQUESTS FOR ADMISSION

1.  Admit that Rio Hondo High School ("RHHS") is a public secondary school in the RHISD, and, as such, receives federal funding.

    Admitted:____          Denied:____

    Explanation or Qualification:

2.  Admit that RHHS coaches receive annual assessments and/or evaluations of their job performance.

    Admitted:____          Denied:____

    Explanation or Qualification:

3.  Admit that as RHHS Principal, you are responsible for making sure your coaching staff complies with all RHISD and University Interscholastic League ("UIL") guidelines.

    Admitted:____          Denied:____

    Explanation or Qualification:

4.  Admit that as RHHS Principal, you are directly involved in the hiring process for new coaches.

    Admitted:____          Denied:____

    Explanation or Qualification:

5.  Admit that you gave Plaintiff Julie Chancler no written indication prior to her termination that she was in danger of losing her coaching positions.

    Admitted:____          Denied:____

    Explanation or Qualification:

4

6.    Admit that prior to relieving Plaintiff Julie Chancler from her coaching duties, she received above average annual assessments of her job performance.

Admitted: ____          Denied: ____

Explanation or Qualification:


7.    Admit that you instructed certain employees at RHHS not to communicate with Plaintiff Julie Chancler after she left RHHS.

Admitted: ____          Denied: ____

Explanation or Qualification:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIE CHANCLER | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. B-01-207 |
| | § | |
| RIO HONDO INDEPENDENT SCHOOL | § | |
| DISTRICT, ROLANDO PEÑA, Rio Hondo ISD | § | |
| Superintendent, INA TAMEZ, Rio Hondo High | § | |
| School Principal, and DAVID ROBLEDO, Rio | § | |
| Hondo High School Athletic Director, in their | § | |
| individual and official capacities, | § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS FROM
DEFENDANT RIO HONDO INDEPENDENT SCHOOL DISTRICT**

To:   Defendant Rio Hondo Independent School District, by and through its counsel of record, Eileen Leeds and Seth Moore, Willette & Guerra, L.L.P., International Plaza, Ste. 460, 3505 Boca Chica Blvd., Brownsville, Texas 78521.

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff requests that, within thirty (30) days from service of this document, Defendant produce and permit Plaintiff to inspect and copy the following documents and records prepared by, accessible to, or in the custody of Defendant.

This request shall be deemed continuing so as to require supplementation if Defendant obtains further information between the time the documents are produced in response to this request and time of trial.

Dated: July 17, 2002

Respectfully submitted,

James C. Harrington
State Bar No. 09048500
Andrea M. Gunn
State Bar No. 24027056

TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.

Austin, Texas 78702-1344
(512) 474-5073 (telephone)
(512) 474-0726 (facsimile)

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was sent via certified mail, return receipt requested, to the following on the ‫ ‏12‎‬ day of July, 2002

Eileen Leeds/Seth Moore
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Andrea M. Gunn

## INSTRUCTIONS – REQUESTS FOR PRODUCTION

(1)  As used herein, the singular includes the plural number, and vice versa. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

(2)  The relevant time period to be covered by these Requests for Production is from and including August 1, 1999, through the present, unless otherwise specifically stated.

(3)  If more than one person makes an answer or produces documentation responsive to a Request for Production, the response shall identify such person(s).

(4)  These Requests are continuing in nature. If further information or documents come into your possession or are brought to your attention at any time before the judgment in the matter is satisfied, supplementation of your responses is required.

## DEFINITIONS – REQUESTS FOR PRODUCTION

As used in these Requests for Production, the following words and terms shall mean and include the following:

(1)  "DEFENDANT," "YOU," "YOUR," and "RHISD" refer to Rio Hondo Independent School District, and thus all employees, agents, and any person or entity acting in concert with or on behalf of Defendant, now or in the past, whether specifically indicated or not.

2

(2) "DOCUMENTATION" or "DOCUMENTS" includes, but is not limited to, the following items whether printed or recorded or reproduced by any other mechanical process or written or produced by hand: agreements, communications, reports, charges, complaints, correspondence, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or reports or records of personal conversations or interviews, diaries, schedules, charts, graphs, worksheets, reports, note-books, note charts, plans, drawings, sketches, maps, summaries or reports or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, and all other writings of whatever nature, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, tape recordings, disc, data sheet or data processing card, any marginal comments appearing on any document or thing or any other written, recorded, transcribed, filed or graphic master, however produced or reproduced, to which Defendant or its agents, representatives, or attorney(s) will have or have had access.

In the event that any item requested is unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or otherwise, please identify the nature of the information, the last known person to have possession of the documents or information, the reasons such documents are not available, and the date the document was lost or destroyed.

(3) The terms "AND" and "OR" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

(4) The term "TITLE IX" refers to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*

(5) The term "ATHLETIC EQUITY TRAINING" means any educational program that offered information on compliance with Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* (Title IX) and 34 C.F.R. Part 106 *et seq.* (regulations interpreting Title IX), or understanding of the policy interpretation of Title IX and its regulations found at 44 Fed. Reg. 71413 (1979).

## REQUESTS FOR PRODUCTION

Request No. 1:     Produce all documentation that identifies RHISD's official Title IX coordinator(s) from August 1, 1997 to the date of response to this Request, including copies of RHISD school board minutes appointing the Title IX coordinator and student handbooks referencing the Title IX coordinator by name.

RESPONSE:

Request No. 2:   Produce all official documents identifying the amounts of federal funding awarded or disbursed to RHISD, including notice of award letters and reporting documents concerning expenditures of federal funding disbursements.

RESPONSE:


Request No. 3:   Produce all documents related to any and all Title IX athletic equity audit and/or assessment conducted in RHISD.

RESPONSE:


Request No. 4:   Produce copies of any and all teachers' and/or coaches' handbooks produced by RHISD.

RESPONSE:


Request No. 5:   Produce copies of all training outlines and materials related to any "athletic equity training" undertaken by RHISD employees from August 1, 1997 to the date of response to this Request, including the names of individuals who undertook the training, the dates of such training, invoices for costs of such training, and the trainer's name, credentials, and address.

RESPONSE:


Request No. 6:   Produce all documentation relating to the recruiting of new Rio Hondo High School ("RHHS") coaches for boys' and girls' sports teams from August 1, 1997 to the date of response to this Request. Such documentation should include correspondence to prospective coaches, notices advertising the available coaching position, and the names of all publications in which the notice appeared.

RESPONSE:

Request No. 7:     Produce copies of all correspondence between Plaintiff Julie Chancler and RHISD during the course of her employment as a RHHS coach.

RESPONSE:


Request No. 8:     Produce copies of all correspondence between Plaintiff Julie Chancler and RHISD following her release from coaching duties at RHHS.

RESPONSE:


Request No. 9:     Produce copies of all athletic manuals provided to male and female coaches in Defendant RHISD from August 1, 1997 to the date of response to this Request.

RESPONSE:


Request No. 10:    Produce copies of all RHISD school board minutes from August 1, 1997 to the date of response to this Request.

RESPONSE:


Request No. 11:    Produce copies of all internal correspondence regarding Plaintiff Julie Chancler during the term of her employment at RHHS. Such copies shall include correspondence between RHISD, its actors and representatives, and any administrative bodies employed at RHHS, including the Principal and Athletic Director.

RESPONSE:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIE CHANCLER | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. B-01-207 |
| | § | |
| RIO HONDO INDEPENDENT SCHOOL | § | |
| DISTRICT, ROLANDO PEÑA, Rio Hondo ISD | § | |
| Superintendent, INA TAMEZ, Rio Hondo High | § | |
| School Principal, and DAVID ROBLEDO, Rio | § | |
| Hondo High School Athletic Director, in their | § | |
| individual and official capacities, | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
## FROM DEFENDANT DAVID ROBLEDO

To:     Defendant David Robledo, by and through his counsel of record, Eileen Leeds and Seth Moore, Willette & Guerra, L.L.P., International Plaza, Ste. 460, 3505 Boca Chica Blvd., Brownsville, Texas 78521.

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff requests that, within thirty (30) days from service of this document, Defendant produce and permit Plaintiff to inspect and copy the following documents and records prepared by, accessible to, or in the custody of Defendant.

This request shall be deemed continuing so as to require supplementation if Defendant obtain further information between the time the documents are produced in response to this request and time of trial.

Dated: July 17, 2002

Respectfully submitted,

James C. Harrington
State Bar No. 09048500
Andrea M. Gunn
State Bar No. 24027056

TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.

Austin, Texas 78702-1344
(512) 474-5073 (telephone)
(512) 474-0726 (facsimile)

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was sent via facsimile and certified mail, return receipt requested, to the following on the 1 7 day of July, 2002.

Eileen Leeds/Seth Moore
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Andrea M. Gunn

## INSTRUCTIONS – REQUESTS FOR PRODUCTION

(1) As used herein. the singular includes the plural number, and vice versa. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

(2) The relevant time period to be covered by these Requests for Production is from and including August 1, 1999, through the present, unless otherwise specifically stated.

(3) If more than one person makes an answer to a Request for Production, the response shall identify such person(s).

(4) These Requests are continuing in nature. If further information or documents come into your possession or are brought to your attention at any time before the judgment in the matter is satisfied, supplementation of your responses is required.

## DEFINITIONS – REQUESTS FOR PRODUCTION

As used in these Requests for Production, the following words and terms shall mean and include the following:

(1) "DEFENDANT," "YOU," "YOUR," and "ROBLEDO" refer to Defendant David Robledo. whether specifically indicated or not.

(2) "DOCUMENTATION" or "DOCUMENTS" includes, but is not limited to, the following items

2

whether printed or recorded or reproduced by any other mechanical process or written or produced by hand: agreements, communications, reports, charges, complaints, correspondence, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or reports or records of personal conversations or interviews, diaries, schedules, charts, graphs, worksheets, reports, note-books, note charts, plans, drawings, sketches, maps, summaries or reports or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, and all other writings of whatever nature, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, tape recordings, disc, data sheet or data processing card, any marginal comments appearing on any document or thing or any other written, recorded, transcribed, filed or graphic master, however produced or reproduced, to which Defendant or its agents, representatives, or attorney(s) will have or have had access.

In the event that any item requested is unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or otherwise, please identify the nature of the information, the last known person to have possession of the documents or information, the reasons such documents are not available, and the date the document was lost or destroyed.

(3) The terms "AND" and "OR" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

(4) The term "TITLE IX" refers to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*

(5) The term "ATHLETIC EQUITY TRAINING" means any educational program that offered information on compliance with Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* (Title IX) and 34 C.F.R. Part 106 *et seq.* (regulations interpreting Title IX), or understanding of the policy interpretation of Title IX and its regulations found at 44 Fed. Reg. 71413 (1979).

## REQUESTS FOR PRODUCTION

Request No. 1:    Produce any and all available minutes from meetings you held with your coaching staff between August 1, 1999, to the date of your response to this Request.

RESPONSE:

Request No. 2:    Produce copies of any and all coaches' manuals or handbooks you created and or distributed to your coaching staff from August 1, 1997 to the date of your

response to this Request.

RESPONSE:

Request No. 3:    Produce copies of all training outlines and materials related to any "athletic equity training" undertaken by RHISD employees from August 1, 1997 to the date of response to this Request, including the names of individuals who undertook the training, the dates of such training, invoices for costs of such training, and the trainer's name, credentials, and address.

RESPONSE:

Request No. 4:    Produce all documentation relating to the orientation of new Rio Hondo High School ("RHHS") coaches for boys' and girls' sports teams from August 1, 1997 to the date of your response to this Request.

RESPONSE:

Request No. 5:    Produce copies of all correspondence between yourself and Plaintiff Julie Chancler during the term of her employment as a RHHS coach.

RESPONSE:

Request No. 6:    Produce copies of all correspondence between Plaintiff Julie Chancler and Defendant following her release from coaching duties at RHHS.

RESPONSE:

Request No. 7:    Produce copies of all internal correspondence regarding Plaintiff Julie Chancler during the term of her employment at RHHS. Such copies shall include correspondence between any employees or representatives of RHISD or RHHS, including, but not limited to, correspondence between yourself and Defendant

4

RHHS Principal, Ina Tamez.

RESPONSE:

Request No. 9:   Produce copies of all documents related to grievances or complaints against Plaintiff Julie Chancler, including letters from parents, representatives for the University Interscholastic League ("UIL"), Defendant RHISD, and coaches from high schools in the UIL district of which RHHS is a member.

RESPONSE:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIE CHANCLER | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. B-01-207 |
| | § | |
| RIO HONDO INDEPENDENT SCHOOL | § | |
| DISTRICT, ROLANDO PEÑA, Rio Hondo ISD | § | |
| Superintendent, INA TAMEZ, Rio Hondo High | § | |
| School Principal, and DAVID ROBLEDO, Rio | § | |
| Hondo High School Athletic Director, in their | § | |
| individual and official capacities, | § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
FROM DEFENDANT INA TAMEZ**

To:     Defendant Ina Tamez, by and through her counsel of record, Eileen Leeds and Seth Moore, Willette & Guerra, L.L.P., International Plaza, Ste. 460, 3505 Boca Chica Blvd., Brownsville, Texas 78521.

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff requests that, within thirty (30) days from service of this document, Defendant produce and permit Plaintiff to inspect and copy the following documents and records prepared by, accessible to, or in the custody of Defendant.

This request shall be deemed continuing so as to require supplementation if Defendant obtain further information between the time the documents are produced in response to this request and time of trial.

Dated: July 1V, 2002

Respectfully submitted,

James C. Harrington
State Bar No. 09048500
Andrea M. Gunn
State Bar No. 24027056

TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.

Austin, Texas 78702-1344
(512) 474-5073 (telephone)
(512) 474-0726 (facsimile)

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was sent via certified mail, return receipt requested, to the following on the \1\2\ day of July, 2002.

Eileen Leeds/Seth Moore
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Andrea M. Gunn

## INSTRUCTIONS – REQUESTS FOR PRODUCTION

(1) As used herein, the singular includes the plural number, and vice versa. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

(2) The relevant time period to be covered by these Requests for Production is from and including August 1, 1999, through the present, unless otherwise specifically stated.

(3) If more than one person makes an answer to a Request for Production, the response shall identify such person(s).

(4) These Requests are continuing in nature. If further information or documents come into your possession or are brought to your attention at any time before the judgment in the matter is satisfied, supplementation of your responses is required.

## DEFINITIONS – REQUESTS FOR PRODUCTION

As used in these Requests for Production, the following words and terms shall mean and include the following:

(1) "DEFENDANT," "YOU," "YOUR" and "TAMEZ" refer to Defendant Ina Tamez, whether specifically indicated or not.

(2) "DOCUMENTATION" or "DOCUMENTS" includes, but is not limited to, the following items

2

whether printed or recorded or reproduced by any other mechanical process or written or produced by hand: agreements, communications, reports, charges, complaints, correspondence, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or reports or records of personal conversations or interviews, diaries, schedules, charts, graphs, worksheets, reports, note-books, note charts, plans, drawings, sketches, maps, summaries or reports or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, and all other writings of whatever nature, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, tape recordings, disc, data sheet or data processing card, any marginal comments appearing on any document or thing or any other written, recorded, transcribed, filed or graphic master, however produced or reproduced, to which Defendant or its agents, representatives, or attorney(s) will have or have had access.

In the event that any item requested is unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or otherwise, please identify the nature of the information, the last known person to have possession of the documents or information, the reasons such documents are not available, and the date the document was lost or destroyed.

(3) The terms "AND" and "OR" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

(4) The term "TITLE IX" refers to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*

(5) The term "ATHLETIC EQUITY TRAINING" means any educational program that offered information on compliance with Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* (Title IX) and 34 C.F.R. Part 106 *et seq.* (regulations interpreting Title IX), or understanding of the policy interpretation of Title IX and its regulations found at 44 Fed. Reg. 71413 (1979).

## REQUESTS FOR PRODUCTION

Request No. 1:    Produce copies of any and all teachers' and/or coaches' handbooks produced by Rio Hondo High School ("RHHS") from August 1, 1997 to the date of your response to this Request.

RESPONSE:

Request No. 2:    Produce copies of all training outlines and materials related to any "athletic equity training" undertaken by RHISD employees from August 1, 1997 to the date of response to this Request. including the names of individuals who undertook the

3

training, the dates of such training, invoices for costs of such training, and the trainer's name, credentials, and address.

RESPONSE:

Request No. 3:    Produce all documentation relating to the hiring of new coaches for RHHS boys' and girls' sports teams from August 1, 1997 to the date of your response to this Request.

RESPONSE:

Request No. 4:    Produce all copies of correspondence and other materials relating to discussions about creating the position of Girls' Athletic Coordinator on the RHHS campus. Include letters between Plaintiff and any and all Defendants, as well as internal correspondence between Defendants.

RESPONSE:

Request No. 5:    Produce copies of all correspondence between Plaintiff Julie Chancler and RHHS during the term of her employment as a RHHS coach.

RESPONSE:

Request No. 6:    Produce copies of all correspondence between Plaintiff Julie Chancler and RHHS following her release from coaching duties at RHHS.

RESPONSE:

Request No. 7:    Produce copies of all athletic manuals provided to male and female coaches since August 1, 1999, to the date of your response to this Request.

RESPONSE:

4

Request No. 8:    Produce copies of all internal correspondence regarding Plaintiff Julie Chancler during the term of her employment at RHHS. Such copies shall include correspondence between any employees or representatives of RHISD or RHHS, including, but not limited to, correspondence between yourself and Defendant RHISD Athletic Director, David Robledo.

RESPONSE:

Request No. 9:    Produce copies of all correspondence not previously produced between Plaintiff and Defendant regarding any grievances or complaints the Plaintiff brought to your attention during the term of her employment at RHHS.

RESPONSE: