IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| JULIE CHANCLER, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| RIO HONDO INDEPENDENT | § | CIVIL ACTION NO. B-01-207 |
| SCHOOL DISTRICT, ROLANDO | § | |
| PEÑA, INA TAMEZ, and DAVID | § | |
| ROBLEDO, in their individual and | § | |
| official capacities, | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Plaintiff Julie Chancler's Motion for Clarification and/or Reconsideration of the Court's Ruling on Defendants' Partial Motion to Dismiss (Docket No. 17) and Plaintiff's Motion for Leave to File First Amended Complaint (Docket No. 18) and Plaintiff's Supplement to Motion for Leave to File First Amended Complaint (Docket No. 20). The Defendants Rio Hondo Independent School District, Rolando Peña, Ina Tamez, and David Robledo, in their individual and official capacities, filed a response to Plaintiff's motions (Docket No. 19).

### MOTION FOR CLARIFICATION AND/OR RECONSIDERATION

A motion for reconsideration is treated as either a motion to alter or amend under Federal Rules of Civil Procedure Rule 59(e) if it is served within ten days of the rendition of judgment. *See Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A court has considerable discretion in deciding to reopen a case in response to a motion for reconsideration. *See Lupo v. Wyeth-Ayerst Laboratories*, 4 F.Supp.2d 642, 645 (E.D. Tex. 1997). A motion for reconsideration "serves the narrow purpose of allowing a party 'to correct manifest errors of law or

1

fact or to present newly discovered evidence.'" *Lupo*, 4 F.Supp.2d at 645 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). They "should not be used to raise arguments that could, and should, have been made before the entry of judgment . . . [or] to re-urge matters that have already been advanced by a party." *Lupo*, 4 F.Supp.2d at 645 (quoting *In re Liljenerg Enter.*, Civ.A. No. 97-0456, 1997 WL 222497, at *3, *3 (E.D. La. May 1, 1997)).

## DISCUSSION

### A.

In her motion, Plaintiff seeks clarification regarding the status of her Title IX retaliation claims. Contrary to Defendant's belief, the Court's order entered July 5, 2002, did not dismiss Plaintiff's Title IX claim to the extent that Plaintiff asserts that she was retaliated for "her participation in complaints and investigations challenging alleged violations of Title IX." (Docket No. 14). Thus, Plaintiff may raise her retaliation claim under Title IX on this limited ground.

### B.

The Court's order dismissed Plaintiff's alleged violations of her rights under the First Amendment to the United States Constitution, 42 U.S.C. § 1983, and the Texas Bill of Rights (Tex. Const. Art. 1, §§ 3a, 8), and Section 106.001 of the Texas Civil Practice and Remedies Code. (Docket No. 16). According to the Court's order, Plaintiff's allegations presented "conclusory allegations and not pleadings of fact." (Docket No. 16). The Court further stated that the claims were "returned for more specific pleading." (Docket No. 16). Plaintiff argues that her complaint contained "very detailed factual allegations" in support of her retaliation claims. (*See* Docket No. 1, ¶¶ 12-27, 48-51). After carefully reviewing Plaintiff's complaint, this Court finds that it was a manifest error of law to dismiss Plaintiff's claims under the state and federal constitutions, 42 U.S.C.

§ 1983, and Section 106.001 of the Texas Civil Practice and Remedies Code. Plaintiff presented facts to support the claims of relief to which she is entitled, and these claims were improperly dismissed under Federal Rule 12(b)(6).

Defendants point out that the Court's order held that Plaintiff had no standing to pursue these claims because she did not establish causation or injury-in-fact. (Docket No. 19). A need for clarification is apparent here. The Court did not intend that Plaintiff's constitutional, equal protection, and civil rights claims be dismissed for lack of standing. The Court's order solely referred to the issue of standing as it relates to Plaintiff's intent to litigate claims that related to the alleged unequal treatment of female athletes at Rio Hondo Independent School District ("RHISD") under Title IX. Plaintiff has no standing to litigate any complaints that she has regarding the unequal treatment of female student athletes; however, she may pursue any claims related to the unequal treatment of female coaches under Title IX.

## C.

Finally, Plaintiff urges that the Court permit her leave to amend to file a First Amended Complaint in which she adds claims of employment discrimination under Title VII. (Docket Nos. 18, 20). In her original complaint, Plaintiff reserved the right to add claims of employment discrimination under Title VII. (Docket No. 1). At the time of filing her complaint, Plaintiff had not yet received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received the right-to-sue letter on August 2, 2002, and she has included it as an exhibit in her motion. (Docket No. 20). This Court grants Plaintiff's motion for leave to file her amended complaint.

### CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion for Clarification and/or Reconsideration of the

Court's Ruling on Defendants' Partial Motion to Dismiss (Docket No. 17) is **GRANTED**. Accordingly, **IT IS ORDERED** that Plaintiff may pursue her Title IX claim to the extent that she alleges that her termination constituted retaliation for "her participation in complaints and investigations challenging alleged violations of Title IX." **IT IS FURTHER ORDERED** Plaintiff may pursue the alleged violations of her rights under the First Amendment to the United States Constitution, 42 U.S.C. § 1983, and the Texas Bill of Rights (Tex. Const. Art. 1, §§ 3a, 8), and Section 106.001 of the Texas Civil Practice and Remedies Code.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Docket No. 18) is **GRANTED**.

DONE in Brownsville, Texas, on this 20th day of AUGUST, 2002.

John Wm. Black
United States Magistrate Judge