United States District Court
Southern District of Texas
FILED

AUG 2 0 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIE CHANCLER, | § | |
| Plaintiff | § | Civil Action No. B-01-207 |
| | § | |
| v. | § | |
| | § | |
| RIO HONDO INDEPENDENT SCHOOL | § | |
| DISTRICT, ROLANDO PEÑA, Rio Hondo ISD | § | |
| Superintendent, INA TAMEZ, Rio Hondo High | § | |
| School Principal, and DAVID ROBLEDO, Rio | § | |
| Hondo High School Athletic Director, in their | § | |
| individual and official capacities, | § | |
| Defendants | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Julie Chancler respectfully files this First Amended Complaint, and would show:

STATEMENT OF CLAIMS

1. Plaintiff, a former coach at Rio Hondo High School, complains that Defendant Rio Hondo Independent School District ("RHISD") has denied her equal employment opportunities in violation of Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). She also seeks redress from all Defendants under Title IX, the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, the Texas Bill of Rights (Tex. Const. Art. 1, §§ 3a & 8), and Sec. 106.001 of the Texas Civil Practice and Remedies Code (Tex.Rev.Civ.Stat.Ann.) for the wrongful termination, unequal treatment, and retaliation she suffered.

2. This civil action seeks to redress the harms suffered by Plaintiff as a result of Defendants' actions. This suit seeks a declaratory judgment that Defendants violated Plaintiff's rights under Title VII, the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, the Texas Constitution, and the Texas Civil Practice and Remedies Code. Plaintiff also seeks monetary

damages.

## JURISDICTION AND VENUE

3. Plaintiff's federal claims arise under 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1983. Jurisdiction is therefore conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to consider her state law claims.

4. Jurisdiction for declaratory and other relief is invoked pursuant to 28 U.S.C. §§ 2201 and 2202.

5. The events complained of herein all occurred within this judicial District and Division. As such, venue is proper in this Court under 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff is a citizen of the United States and the State of Texas. She is currently a resident of Houston, Texas (Harris County). She resided in Cameron County during the time period relevant to this suit.

7. Defendant Rio Hondo ISD, located within the jurisdiction of this Court and organized under the laws of Texas, may be served with process by serving its Superintendent, Rolando Peña, at the administrative offices of the RHISD, 215 West Colorado, P.O. Box 220, Rio Hondo, Texas 78583 (Cameron County).

8. Upon information and belief, Defendant Rolando Peña, Superintendent of the RHISD, currently resides in Rio Hondo, Texas (Cameron County). He may be served with process at the administrative offices of the RHISD, 215 West Colorado, P.O. Box 220, Rio Hondo, Texas 78583. Superintendent Peña is being sued in his individual and official capacities.

9. Upon information and belief, Defendant Ina Tamez, Rio Hondo High School Principal,

currently resides in Rio Hondo, Texas (Cameron County). She may be served with process at the administrative offices of the RHISD, 215 West Colorado, P.O. Box 220, Rio Hondo, Texas 78583. Principal Tamez is being sued in her individual and official capacities.

10. Upon information and belief, Defendant David Robledo, Rio Hondo High School Athletic Director, currently resides in Rio Hondo, Texas (Cameron County). He may be served with process at the administrative offices of the RHISD, 215 West Colorado, P.O. Box 220, Rio Hondo, Texas 78583. Athletic Director Robledo is being sued in his individual and official capacities.

FACTUAL ALLEGATIONS

11. Plaintiff was originally hired by the RHISD as the Head Cross Country, Head Basketball, and Head Track Coach at Rio Hondo High School in June, 1999. At the time of hiring, she was also given an assignment to teach secondary physical education and health classes at the high school.

12. During her first year at Rio Hondo High School, Plaintiff received an excellent personnel evaluation from her evaluator, Defendant Tamez. She was noted for having "excellent communication with students, parents, and the community," and for "compl[ying] with district and campus policy." Plaintiff received an "exceeds expectations" review for most of the performance categories evaluated.

13. At the end of the 1999-2000 school year, Plaintiff was informed by Defendants Tamez and Robledo that she would be named Rio Hondo High School Girls' Athletic Coordinator for the upcoming 2000-2001 school year. In September 2000, Plaintiff, believing she was the Girls' Athletic Coordinator and being listed as such in the Texas High School Coaches Directory, questioned Defendant Robledo in her representative capacity as to why female coaches at the high school were given less additional salaried days in comparison to the male, primarily football, coaches. This was the case even though the female coaches started work the same day as the male

coaches. Plaintiff also questioned this inequity in light of the fact that female coaches at Rio Hondo High School were required to work all three athletic seasons, when the male coaches only worked two of these seasons. At that time, the male coaches received seventeen (17) additional salaried days, while Plaintiff only received ten (10) additional days, and another female coach received less than ten (10) additional days.

14. As a result of her inquiries, Plaintiff was informed by Defendant Robledo both verbally and in a written memo that she would no longer be the Girls' Athletic Coordinator, but that she would get her seventeen (17) additional days. Defendant Robledo also informed Plaintiff that even if she was the head coach every season (cross-country, basketball, and track), she would not make as much money as a male coach who, for example, assisted with football and one other sport. Plaintiff informed Defendant that she thought the inequities in compensation for male and female coaches at the high school were discriminatory, evidencing unequal treatment on the basis of sex.

15. Plaintiff, concerned about additional alleged Title IX violations in the school district's athletic programs, then contacted the Defendant Peña and RHISD Title IX Compliance Officer, Assistant Superintendent Roque Rodriguez, to request that the district conduct a comparison of the boys and girls' athletics programs. Plaintiff listed her specific concerns in a September 2000, letter addressed to district administrators. These concerns included, but were not limited to, the following:

    a.    Disparities in the provision of athletics equipment, supplies, and uniforms for girls' sports teams as compared to the boys' athletics program;

    b.    Disparities in overall expenditures, dollar for dollar, for boys versus girls sports teams;

    c.    Disparities in the scheduling of practice times for girls' sports;

    d.    Disparities in the provision of pep rallies, cheerleading, awards presentations, and

        other forms of publicity for the girls' athletics program;

e. Disparities in female athletes' opportunities to receive coaching;

f. Disparities in the district's hiring practices for coaches of girls' sports teams;

g. Disparities in the compensation amounts provided to female coaches, both at the Junior High and High Schools. Plaintiff was also concerned about disparities in compensation provided to female coaches for performance of extra duties, such as hosting tournaments and keeping the book and clock; and

h. Disparities in the benefits provided to female coaches, such as coaching uniforms, office equipment, supplies, and opportunities to participate in coaching clinics, in comparison to those provided to male coaches.

16. In her September 2000, letter, Plaintiff specifically requested district budget information in accordance with the "Open File Act" (Freedom of Information Act and/or Texas Public Information Act), and suggested that the district conduct a "Title IX, Equal Pay, and gender equity audit . . . ." In a separate September 2000, letter, Plaintiff requested that Defendant Peña provide "information on the athletic program at Rio Hondo High School," based on her concerns that the school district was out of compliance with Title IX. In doing the above, Plaintiff put the school district on notice about her concerns.

17. In response to Plaintiff's letter, Assistant Superintendent Rodriguez conducted a limited investigation. No further action was taken by the school district.

18. During this investigation, Plaintiff informed Assistant Superintendent Rodriguez of additional allegations of Title IX violations by the school district; including, but not limited to, allegations that the school district promotes substantial private sector subsidies (through the booster club, for example) for boys' sports teams, as compared to the girls' sports teams. To Plaintiff's

knowledge, no action was taken by the school district regarding these allegations.

19. As a direct result of this investigation, Plaintiff encountered increased hostility from Defendant Robledo. He subjected Plaintiff to increased scrutiny in her position, actively criticized her job performance, and chastised her for being "insubordinate" and "not showing more respect to [his] position as Director of Athletics."

20. In late November 2000, Defendant Peña released the girls' Junior Varsity basketball coach, Abby Jo Lopez, from her contract so that she could return to San Antonio to care for her ill father. From late November until the end of December, 2000, Plaintiff had to single-handedly coach the girls' freshman, Junior Varsity, and Varsity basketball teams. Although the district eventually hired Marissa Cruz, a recent December graduate of UT Brownsville, to assist in the basketball coaching duties, Plaintiff's workload actually increased in the following months because of the need to compensate for Ms. Cruz's lack of experience. Upon information and belief, no similarly situated male coaches in the Defendant district faced a comparable shortage of coaching assistance and increased workload during this time period.

21. After Ms. Lopez's departure, Plaintiff had to take over all head girls' track coaching responsibilities, which included planning off-season workouts, pre-season practices, and the logistics of the first track meet to be held on February 17, 2001. These additional duties were all undertaken during the on-going basketball season. Upon information and belief, no similarly situated male coaches faced a comparable shortage of coaching assistance and increased workload during this time period.

22. Plaintiff had district basketball games scheduled throughout the Christmas break, and, as a result, only had five (5) days off during that time period, as opposed to other coaches/teachers who had a total of two (2) weeks off. Plaintiff was clearly overworked. After Christmas break,

Plaintiff failed to do a grade check and ended up playing an ineligible player. When this was discovered by UIL officials, RHISD had to forfeit approximately five (5) games. This was Plaintiff's first and only UIL infraction.

23. On February 8, 2001, Plaintiff was called to a meeting with Defendants Tamez and Robledo. They informed Plaintiff that they were reviewing the possibility that she be removed from her coaching duties. Plaintiff again reminded them of the serious inequities in the athletics program, particularly with regard to the coaching and assistance received by the girls' sports teams. She told them she thought their decision was unfair. Upon information and belief, no similarly situated male coach in the Defendant district had ever been removed from coaching duties for committing a similar infraction.

24. Plaintiff was removed from all coaching duties at Rio Hondo High School as of February 16, 2001. With the track season starting on February 17, 2001, Plaintiff reminded Defendants once more that the girls' programs would be short-handed.

25. Believing she was removed from coaching duties in retaliation for her reports of district-wide Title IX violations, Plaintiff appealed the Defendants' decision through the district's employee grievance process. Defendant Tamez presided over the Level One grievance conference, and Defendant Peña presided over the Level Two conference. Plaintiff's appeal was ultimately denied at the June 7, 2001, Level Three Grievance Hearing held by the Rio Hondo ISD Board of Trustees. This decision was based on information provided to the Board of Trustees by Defendants Peña, Tamez, and Robledo.

26. As a result of the intentional sex discrimination by RHISD, Peña, Tamez, and Robledo, Plaintiff has suffered embarrassment, humiliation, pain and suffering, mental anguish, and harm to her professional reputation and honor. Her opportunity to be employed in athletic administrative

positions in the future has also been significantly diminished, thereby reducing her future earning capacity.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### TITLE VII
### (Discrimination in Employment Opportunities)

27. Plaintiff hereby realleges and incorporates by reference the allegations set forth above.

28. Defendant RHISD is a public school district organized under the laws of Texas. It has received, and continues to receive, federal financial assistance and the benefits therefrom. Therefore, RHISD and all its programs and activities, including employment opportunities, are subject to the requirements of Title VII.

29. Title VII provides, in relevant part:

"[it is] an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin" 42 U.S.C. 2000e-2(a)(1).

30. In order to assert gender discrimination claim under Title VII, plaintiff must assert that (1) she belongs to protected group, i.e., women, (2) that she was qualified for her position, (3) that she suffered an adverse employment action, and (4) that employer sought to replace her with similarly qualified man or that others similarly situated were more favorably treated. Civil Rights Act of 1964, §§ 701 *et seq.*, 42 U.S.C. § 2000e, *et seq.*

31. Plaintiff is a woman and, therefore, a member of a protected group. Further, she has asserted and can provide evidence to show she was qualified for her position. The facts alleged herein evidence that Plaintiff suffered adverse employment actions and that similarly situated male coaches were more favorably treated in the Defendant district. Therefore, Plaintiff has made out her

8

prima facie case of employment discrimination on the basis of gender under Title VII.

32. The facts alleged herein also show that Defendant RHISD has had a policy, custom, and/or practice of discriminating on the basis of sex in its employment of female coaches and in its athletic program, in general, as evidenced above.

33. In addition, throughout Plaintiff's employment, the RHISD administration has evidenced a general lack of good will towards women's athletics and has failed to exhibit a genuine commitment toward correcting inequities in the allocation of resources for women's athletics. Indeed, RHISD administrators, particularly Defendants Tamez, and Robledo, have evidenced frank hostility toward Plaintiff as she has expressed concern about these issues.

34. Individual Defendants Peña, Tamez, and Robledo have actively participated in making decisions that have perpetuated RHISD's policy and practice of discriminating on the basis of sex against female employees and women's athletics, in general.

35. Throughout the time Defendants engaged in the continuous intentional discrimination described above, Defendants acted intentionally and maliciously with conscious disregard for Plaintiff's rights, in a manner callously designed to ensure Plaintiff would suffer public embarrassment before the community and her professional peers.

SECOND CAUSE OF ACTION:
FOURTEENTH AMENDMENT
(Equal Protection)

36. Plaintiff hereby realleges and incorporates by reference the allegations set forth above.

37. Defendants, by their failure to provide equal employment opportunities for Plaintiff, have purposely discriminated against her on the basis of gender, and have intentionally deprived her of her right to equal protection secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

38. Plaintiff has been denied equal treatment on the basis of gender. Defendants' wrongful acts include, but are not limited to, the following:

a) Failure to provide the same opportunities to advance in athletic administration positions to Plaintiff as are provided to similarly situated male coaches, as evidenced by the Plaintiff's removal from the position as Rio Hondo High School Girls' Athletic Coordinator;

b) Failure to replace assistant coach in a timely manner and with someone of the requisite experience level, as is done for similarly situated male coaches in the RHISD;

c) Failure to provide critical game support staff to Plaintiff, as is done for similarly situated male coaches in the RHISD;

d) Monitoring and scrutinizing Plaintiff's job performance more strictly than that of her similarly situated male counterparts;

e) Refusing to provide clerical support, office equipment, and supplies necessary in the day-to-day operations of Plaintiff's sports programs, in contrast to the clerical support, office equipment, and supplies provided to similarly situated male coaches in the Defendant district;

f) Refusing to provide the same training and educational opportunities (such as coaching clinics) as those provided to Plaintiff's similarly situated male counterparts; and

g) Removal from her coaching duties and termination from her teaching position at Rio Hondo High School, where no comparable action had ever been taken against similarly situated males coaches in the Defendant district.

39. Defendants engaged in these discriminatory actions, policies, and customs while acting under color of law. Thus, each individual Defendant is liable on an individual basis for his/her violation of Plaintiff's constitutional rights under the Fourteenth Amendment. Because they have acted deliberately in violation of clearly established law, no individual Defendant may claim qualified immunity.

40. Defendants acted with deliberate indifference and callous disregard to the equal protection rights of Plaintiff under the Fourteenth Amendment. As a result, they have caused injury to the Plaintiff.

### THIRD CAUSE OF ACTION:
### TEXAS CONSTITUTION, ART. 1, § 3a
(Equality Under the Law)

41. Plaintiff hereby realleges and incorporates by reference the allegations set forth above. More specifically, Plaintiff realleges and incorporates herein those facts alleged in ¶ 38 above in support of her claims of Defendants' violations of Plaintiff's rights under the Equal Rights Amendment to the Texas Constitution (Article I, § 3a) ("TERA").

42. Defendants' actions and/or inaction discriminated against Plaintiff on the basis of sex, and denied her equality under the law, as guaranteed by the TERA.

43. By failing to provide equal employment opportunities for Plaintiff, Defendants denied her equality under the law on the basis of sex. As a result, they have caused injury to the Plaintiff. Further, Defendants acted with deliberate indifference and callous disregard to the rights of Plaintiff under the Texas Constitution's equal rights protection.

44. Defendants' actions directly discriminated against Plaintiff. Such unjustified unequal treatment is exactly the type of behavior prohibited by the TERA.

45. Defendants, by their participation in the denial of equal treatment to Plaintiff, are

sufficiently personally involved in the alleged violations of the rights of Plaintiff, so as to be liable for the denial of equality because of sex. None of the Defendants can claim immunity from liability because the right to equal treatment under the Texas Constitution is clearly established. Defendants' duties with respect to that right were clearly established at the time of these events. Nor can Defendants be immune from liability for their own discriminatory conduct. Plaintiff has had a clearly established right not to suffer discrimination on the basis of sex, since at least 1972 when the people of Texas added the Equal Rights Amendment to the Texas Constitution, prohibiting such discrimination.

46. Being denied equal employment opportunities solely because one is female is a form of sex discrimination prohibited by Article I, section 3a of the Texas Constitution. Defendants failed to equalize employment opportunities for Plaintiff. Defendants maintained a custom or practice that communicates condonation or authorization of denial of equal employment opportunities for women. This authorization amounts to intentional illegal discrimination. RHISD's inaction in the face of obvious disparities in employment opportunities discriminates on the basis of sex. Plaintiff suffered injury as a direct and proximate result of Defendants' unlawful acts.

### FOURTH CAUSE OF ACTION:
### CHAPTER 106, TEXAS CIVIL PRACTICE AND REMEDIES CODE
(Unreasonable Burden Because of Sex)

47. The facts alleged in the preceding paragraphs also state a cause of action under Chapter 106 of the Texas Civil Practices and Remedies Code against each individual Defendant. More specifically, Plaintiff realleges and incorporates herein those facts alleged in ¶ 38 above in support of her claims that Defendants placed an unreasonable burden on her because of her sex.

48. Chapter 106 prohibits officers and employees of the RHISD, a political subdivision of the state, from acting or purporting to act in their official capacities, from refusing to allow a person

to participate in a program managed by a school district, and from imposing an unreasonable burden on a person because of the person's sex. Defendant individuals, as described in the preceding paragraphs, each imposed an unreasonable burden on Plaintiff because of sex and denied her equal employment opportunities.

49. The remedy provisions of Chapter 106 allow the Court to award preventive relief and any other appropriate order, as well as attorneys' fees and costs, to Plaintiff.

### FIFTH CAUSE OF ACTION:
### RETALIATION IN VIOLATION OF TITLE IX

50. Plaintiff hereby realleges and incorporates by reference the allegations set forth above.

51. On a number of occasions (described above), Plaintiff requested additional resources for the women's athletic program at Rio Hondo High School. Beginning in September 2000, Plaintiff was subjected to retaliation for her efforts to address gender equity and Title IX compliance issues.

52. As a result of Plaintiff's protected activities in opposing discrimination existing in RHISD's women's athletic programs in general, Plaintiff has been a victim of harassment, reprisal, and retaliatory actions by the joint and several acts of all Defendants named herein. These wrongful acts include, but are not limited to the following:

    a)    Removal from her position as Rio Hondo High School Girls' Athletic Coordinator;

    b)    Withdrawing support from Plaintiff and her teams by failing to replace assistant coach in a timely manner and with someone of the requisite experience level, and failing to provide critical game support staff;

    c)    Monitoring and scrutinizing Plaintiff's job performance more strictly than that of her male counterparts;

    d)    Refusing to provide clerical support, office equipment, and supplies necessary in the day-to-day operations of Plaintiff's sports programs;

e) Refusing to provide the same training and educational opportunities (such as coaching clinics), as well as professional advancement opportunities, as those provided to Plaintiff's male counterparts; and

f) Removal from her coaching duties and termination from her teaching position at Rio Hondo High School.

53. In retaliating against Plaintiff for her opposition to RHISD's policy and practice of discriminating against female employees and women's athletics in general, Defendants intentionally and maliciously created an intimidating, hostile, and offensive work environment, and subjected Plaintiff to embarrassment and humiliation. All of the unlawful and intentional acts of Defendants were committed in violation of Title IX and because Plaintiff opposed discriminatory practices on the basis of sex. As a result of the unlawful and intentional retaliation by the Defendants, Plaintiff suffered damage to her professional and personal reputation, pain and suffering, and mental anguish.

### SIXTH AND SEVENTH CAUSES OF ACTION: RETALIATION IN VIOLATION OF THE UNITED STATES AND TEXAS CONSTITUTIONS

54. Plaintiff hereby realleges and incorporates by reference the allegations set forth above. More specifically, Plaintiff realleges and incorporates herein those facts alleged in ¶ 52 above in support of her claims that Defendants retaliated against Plaintiff in violation of her rights to free speech.

55. Plaintiff would show that the above-described wrongful retaliatory acts of Defendants were also committed in violation of 42 U.S.C. § 1983, for the reason that retaliation against Plaintiff was for Plaintiff's exercise of protected speech and association in violation of the First Amendment to the United States Constitution; i.e., 1) Plaintiff participated in opposing discriminatory actions by Defendants; 2) Plaintiff's action was taken by her as a private citizen, expressing public concern as

a citizen, and not solely as an employee of the RHISD; 3) that the retaliatory acts of Defendants violated clearly established statutory and constitutional rights of free speech and association of which a reasonable person would have or should have known; and 4) that her exercise of her protected free speech was a substantial and motivating factor in the above-described wrongful conduct committed by Defendants.

56. Plaintiff would also show that the above-described wrongful retaliatory acts of Defendants violated Article 1, § 8 of the Texas Constitution, which provides an affirmative grant of the right to free speech.

57. The unlawful and intentional acts of the Defendants were committed with malice and/or conscious disregard for Plaintiff's rights, for the purpose of injuring Plaintiff, and in order to cause Plaintiff to suffer emotional distress.

## DECLARATORY RELIEF

58. This suit involves an actual controversy within the Court's jurisdiction, and the Court may declare the rights of Plaintiff under the Constitution and laws of the United States and grant such necessary and proper relief.

## ATTORNEY'S FEES

59. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Chapter 106 of the Texas Civil Practice and Remedies Code.

## JURY DEMAND

60. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

A.  Enter declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the Constitution and laws of the United States, and the

Constitution and laws of the State of Texas;

B. Enter judgment on behalf of the Plaintiff for damages sufficient to compensate her for her injuries in the causes of action alleged against Defendants, jointly and severally;

C. Enter judgment on behalf of Plaintiff for punitive damages against each Defendant;

D. Order Defendants to pay Plaintiff's reasonable attorneys' fees and costs; and,

E. Grant all other and additional relief to which Plaintiff may be entitled, at law or in equity.

Dated: July 12, 2002

Respectfully submitted,

_____
James C. Harrington
State Bar No. 09048500
Andrea M. Gunn
State Bar No. 24027056
TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King, Blvd.
Austin, Texas 78702-1344
   (512) 474-5073 [telephone]
   (512) 474-0726 [facsimile]

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was sent via certified mail, return receipt requested, to the following on the 12th day of July, 2002:

Eileen Leeds/Seth Moore
Willette & Guerra, L.L.P., International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

_____
Andrea M. Gunn

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIE CHANCLER, | § | |
| Plaintiff | § | Civil Action No. B-01-207 |
| | § | |
| v. | § | |
| | § | |
| RIO HONDO INDEPENDENT SCHOOL | § | |
| DISTRICT, ROLANDO PEÑA, Rio Hondo ISD | § | |
| Superintendent, INA TAMEZ, Rio Hondo High | § | |
| School Principal, and DAVID ROBLEDO, Rio | § | |
| Hondo High School Athletic Director, in their | § | |
| individual and official capacities, | § | |
| Defendants | § | **JURY DEMANDED** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

# EXHIBIT B:

# EEOC LETTER



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Antonio District Office

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
(210) 281-7600
(210) 281-7610
FAX (210) 281-7606

RECEIVED JUL 5 2002 TCRP

Ms. Julie Chancler
17419 Saxon
Houston, Texas 77095

Ms. Andrea Gunn
2212 E. Martin Luther King Blvd.
Austin, Texas 78702-1344

RE:   Charge No:   360 A2 00437
      Respondent:  Rio Hondo ISD

Dear Ms. Gunn:

The Commission has received your request for Notice of Right to Sue in the above referenced charge. Your request has been forwarded to the U.S. Department of Justice for action. That Agency will act on your request as soon as possible and issue the Notice directly to you.

If you have any questions, please call Mr. Guillermo Zamora at 210/281-7603.

7/2/02
Date

Pedro Esquivel
District Director