UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 11 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JULIE CHANCLER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-207 |
| | § | (Jury Requested) |
| RIO HONDO INDEPENDENT | § | |
| SCHOOL DISTRICT, ROLANDO PENA, | § | |
| INA TAMEZ, AND DAVID ROBLEDO, in their | § | |
| individual and official capacities | § | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE,

COMES NOW Defendants RIO HONDO INDEPENDENT SCHOOL DISTRICT, ROLANDO PENA, INA TAMEZ, and DAVID ROBLEDO in their individual and official capacities, and file this, their Original Answer to Plaintiff's Original Complaint and in support thereof would show as follows:

## ANSWER

1. Defendants admit Plaintiff is a former coach at Rio Hondo High School. Defendants otherwise deny the allegations in Paragraph 1 of Plaintiff's First Amended Complaint.

2. Defendants deny the allegations in Paragraph 2 of Plaintiff's First Amended Complaint.

3. Defendants admit that this Court has jurisdiction over this matter as alleged in Paragraphs 3, 4, and 5 of Plaintiff's First Amended Complaint.

4. Defendants admit the allegations in Paragraphs 6, 7, 8, 9, and 10 of Plaintiff's First Amended Complaint.

5. Defendants admit that Plaintiff was originally given a one-year probationary contract in June of 1999. Defendants otherwise deny the allegations in Paragraph 11 of Plaintiff's First Amended Complaint.

6. Defendants admit that Plaintiff was given a good performance evaluation at the end of her first year by Defendant Tamez. Defendants otherwise deny the allegations in Paragraph 12 of Plaintiff's First Amended Complaint.

7. Defendants deny that the position of Girls' Athletic Coordinator ever existed or that Plaintiff ever occupied such a position. Defendants admit that Plaintiff asked for and received 17 "additional salaried days." Defendants otherwise deny the allegations in Paragraph 13 of Plaintiff's First Amended Complaint.

8. Defendants admit that Plaintiff was informed that the position of Girl's Athletic Coordinator would not be created. Defendants admit that Plaintiff asked for and received 17 "additional salaried days." Defendants otherwise deny the allegations in Paragraph 14 of Plaintiff's First Amended Complaint.

9. Defendants admit that Plaintiff wrote a letter asking that the District conduct a study of its Title IX compliance. Defendants admit that this letter listed several of Plaintiff's concerns. Defendants otherwise deny the allegations in Paragraph 15 of Plaintiff's First Amended Complaint.

10. Defendants admit that Plaintiff requested District budget information. Defendants admit that Plaintiff requested that a "equal pay and gender equity audit" be performed. Defendants otherwise deny the allegations in Paragraph 16 of Plaintiff's First Amended Complaint.

11. Defendants admit that Assistant Superintendent Rodriguez provided Plaintiff with the requested information. Defendants otherwise deny the allegations in Paragraph 17 of Plaintiff's First Amended Complaint.

12. Defendants deny the allegations in Paragraph 18 of Plaintiff's First Amended Complaint.

13. Defendants deny the allegations in Paragraph 19 of Plaintiff's First Amended Complaint.

14. Defendants admit that Abby Jo Lopez asked for and received a release from her contract. Defendants admit that Marissa Cruz was hired to replace Ms. Lopez. Defendants otherwise deny the allegations in Paragraph 20 of Plaintiff's First Amended Complaint.

15. Defendants admit that Plaintiff had to take over some track coaching responsibilities. Defendants otherwise deny the allegations in Paragraph 21 of Plaintiff's First Amended Complaint.

16. Defendants deny that Plaintiff had only one UIL infraction. Defendants admit that Plaintiff played an ineligible player in a District basketball game. Defendants admit that this mistake caused the District to forfeit five girls basketball games. Defendants otherwise deny the allegations in Paragraph 22 of Plaintiff's First Amended Complaint.

17. Defendants admit that after the forfeiture of the five girls basketball games, Plaintiff was notified that she might be reassigned. Defendants otherwise deny the allegations in Paragraph 23 of Plaintiff's First Amended Complaint.

18. Defendants admit that Plaintiff was relieved of her coaching duties, and reassigned from her position at the High School to a different position within the District. Defendants otherwise deny the allegations in Paragraph 24 of Plaintiff's First Amended Complaint.

19. Defendants admit that Plaintiff appealed her reassignment and that the reassignment decision was ultimately upheld. Defendants otherwise deny the allegations in Paragraph 25 of Plaintiff's First Amended Complaint.

20. Defendants deny the allegations in Paragraph 26 of Plaintiff's First Amended Complaint

21. Defendants deny the allegations in Paragraph 27 of Plaintiff's First Amended Complaint.

22. Defendants admit the allegations in Paragraph 28 of Plaintiff's First Amended Complaint.

23. Defendants admit the allegations in Paragraphs 29 and 30 of Plaintiff's First Amended Complaint.

24. Defendants admit that Plaintiff is a woman. Defendants otherwise deny the allegations in Paragraph 31, 32, 33, 34, and 35 of Plaintiff's First Amended Complaint.

25. Defendants deny the allegations in Paragraphs 36, 37, 38, 39, and 40 of Plaintiff's First Amended Complaint.

26. Defendants deny the allegations in Paragraphs 41, 42, 43, 44, 45, and 46 of Plaintiff's First Amended Complaint.

27. Defendants deny the allegations in Paragraphs 47, 48, and 49 of Plaintiff's First Amended Complaint.

28. Defendants deny the allegations in Paragraph 50 of Plaintiff's First Amended Complaint.

29. Defendants deny the allegations in Paragraphs 51, 52, and 53 of Plaintiff's First Amended Complaint.

30. Defendants deny the allegations in Paragraphs 54, 55, 56, and 57 of Plaintiff's First Amended Complaint.

31. Defendants admit the allegations in Paragraph 58 of Plaintiff's First Amended Complaint.

32. Defendants deny the allegations in Paragraph 59 of Plaintiff's First Amended Complaint.

33. Defendants deny that Plaintiff is entitled to the relief requested in the Prayer of Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

34. Defendant Rio Hondo Independent School District is entitled to sovereign immunity and governmental immunity from both liability and suit. Defendant has not waived its right to sovereign immunity.

35. Defendants Pena, Tamez, and Robledo were at all times acting in good faith, in a reasonable manner, within the discretionary authority of public office, and are entitled to qualified immunity for all claims alleged in Plaintiff's First Amended Petition. Furthermore, Plaintiff has failed to show how these Defendants violated Plaintiff's clearly established constitutional rights of which a reasonable person should have known. Defendants raise the federal defense of qualified immunity.

36. Defendants Pena, Tamez, and Robledo are further entitled to immunity from any and all liability in connection with Plaintiff's claims under the state doctrine of official immunity. Furthermore, Plaintiff has failed to show how Defendants would not be entitled to official immunity either because they were not performing discretionary duties, were not acting in good faith, or were not acting within the scope of their authority, as is required by Texas law. Defendants raise the state defense of official immunity.

37. Defendants would show that the same employment decisions would have been made regardless of whether or not Plaintiff participated in any protected activity, and in the absence of any impermissible motivating factor.

38. Defendants would show that to the extent Plaintiff is attempting to litigate the District's Title IX funding compliance, she has no standing.

39. Defendants would show, that to the extent punitive damages are sought under 42 U.S.C. §1983, those claims for punitive damages are barred. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2448, 69 L.Ed 2d 616 (1981).

40. Defendants would show that Plaintiff has not properly initiated or exhausted her administrative remedies, and thus her claims under Title VII are barred.

41. Defendants would show that Plaintiff's claims under Title VII are also barred by the applicable statute of limitations.

42. Defendants seek reasonable costs and attorney's fees as a prevailing party pursuant to 42 U.S.C. §1988.

    Respectfully submitted,

    WILLETTE & GUERRA, L.L.P.
    International Plaza, Suite 460
    3505 Boca Chica Boulevard
    Brownsville, Texas 78521
    Telephone   : (956) 541-1846
    Facsimile    : (956) 541-1893

BY: _____
    EILEEN M. LEEDS
    State Bar No. 00791093
    Federal I.D. No. 16799

    SETH MOORE
    State Bar No. 24027522
    Federal I.D. No. 28488

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** has been served by mailing same, Certified Mail, Return Receipt Requested to all counsel of record, as follows:

Sheri Tolliver
TEXAS CIVIL RIGHTS PROJECT
2212 E. Martin Luther King Blvd.,
Austin, Texas 78702-1344

on this _11th_ day of October, 2002

                                              EILEEN LEEDS